## Logan v. Kentucky Traction & Terminal Company.

(Decided March 18, 1914.)

### Appeal from Fayette Circuit Court.

Personal Injuries—Interurban Railroads—Failure to Give Signal of Car's Approach—Instruction.—Where the petition expressly laid the right to recover for personal injuries upon the failure of the defendant traction company to sound the signal or give a warning of the car's approach to a public crossing, and there was evidence to support that contention, the court should have given an instruction authorizing a recovery predicated upon a failure upon the defendant's part to give the warning; and its failure to so instruct was error.

W. C. G. HOBBS and A. F. BYRD for appellant.

WALLACE MUIR, ALLEN & DUNCAN and STOLL & BUSH for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The Maysville Turnpike Road between Lexington and Paris, runs nearly north and south. At a point about five miles north of Lexington, the Iron Works Turnpike runs into the Maysville Turnpike from the west, at a sharp angle. The track of the defendant company runs

along the west side of the Maysville Turnpike between the macadam and the property line, and crosses the Iron Works Turnpike at the point where it enters the Maysville Road.

Berryman's residence on the Elmendorf Farm, is located on the defendant's line at a point some 600 or 700 feet north of the intersection of the two roads; while station No. 25 is about 557 feet north of that intersection. There is a station at Berryman's Gate.

On July 31, 1911, between five and six o'clock in the afternoon, one of defendant's passenger cars was going south towards Lexington; at the same time, the plaintiff Logan was traveling in the same direction upon the Maysville Pike, he being, however, some distance in advance of the car. The car stopped at Berryman's Gate, took on a passenger, and then started on its journey south.

The road and track from Berryman's Gate to the intersection of the two pikes is practically level and without any obstruction between the turnpike and the railroad.

The motorman testified that when he had gone a distance of between 35 and 75 feet from Berryman's Gate, he saw Logan driving along the Maysville Road in a top buggy, with the top up, and that Logan was driving within three or four feet of the railroad track. Logan, however, says he was driving about the center of the Maysville Road.

Logan was driving his horse in a slow trot, and when he had reached a point, according to his testimony, of from 50 to 75 feet from the intersection of the two roads, he looked behind him to see if a car was coming, and failing to see the car, he checked the speed of his horse to a walk and began to make a sharp turn into the Iron Works Road. The witnesses for the defendant say Logan was not more than 30 or 40 feet from the railroad track when he began to make the turn into the Iron Works Road. At the time Logan began to make the turn, defendant's car was going at a speed of from 10 to 15 miles an hour, and had reached a point estimated at from 30 to 50 feet north of the point where the railroad track crossed the Iron Works Road. The motorman testified that he gave the usual whistle for the crossing, and that he had no intimation that Logan would turn into the Iron Works Road until his car had reached the point between 30 and 50 feet from the crossing. Seeing there would be a collision, the motorman reversed his motor, too late, however, to prevent a collision.

The car ran about 30 feet after the collision, demolishing Logan's buggy, killed his horse, and severely injured Logan, who was seventy-five years old.

In this action by Logan against the company, for damages for the loss of his buggy, his horse, and the injuries sustained by him, he specifically charged that the company's servants were negligent, (1) in failing to give a signal or warning of the car's approach, and (2) in failing to use proper care to prevent injuring Logan after his peril had been discovered. The answer denied negligence upon the part of the company, and interposed a plea of contributory negligence on the part of Logan.

The jury found for the defendant, and Logan appeals.

For error, he assigns two grounds: (1) that the court failed to properly instruct the jury as to defendant's duty to prevent the injury after the plaintiff's peril was discovered, and (2) that the court erred in refusing to give an instruction requested by the plaintiff defining the duty of the motorman to give warning of the approach of the car to the public crossing, and authorizing a recovery for a failure to give the warning.

On the other hand, defendant contends that by instruction No. 4 the court properly advised the jury upon the first point; and that by instruction No. 3, the court properly presented to the jury the duty of the defendant to give warning of the approach of its car.

The court gave the following instructions:

"1. If the jury believe from the evidence that the motorman in charge of defendant's car, saw, or by the exercise of reasonable care, could have seen that there was danger of collision between his car and the buggy occupied by the plaintiff, S. B. Logan, and after he saw or by the exercise of ordinary care could have seen, that there was danger of collision with plaintiff's buggy, he failed to exercise ordinary care to prevent same and by reason of such failure on his part, if he did so fail, a collision occurred between defendant's car and plaintiff's buggy, in which collision the plaintiff's horse was killed, his buggy run over and demolished and he himself received the injuries of which he complains, you should find for the plaintiff, unless you shall further believe from the evidence that plaintiff was himself guilty of negligence as defined in instruction No. 4.

"2. Unless the jury believe from the evidence that the motorman in charge of defendant's car failed to keep a lookout for persons and vehicles, about to cross its

tracks, or to exercise reasonable care in discovering or avoiding injury to them; or unless you believe that said motorman saw, or by the exercise of reasonable care could have seen that there was danger of collision between his car and the buggy occupied by the plaintiff, and after he saw, or by such care could have seen there was such danger, if such danger in fact existed, and failed to exercise ordinary care to prevent such collision, and by reason of such failure on his part, if he did so fail, a collision did occur between plaintiff's buggy and defendant's car, they should find for the defendant.

"3. The jury are further instructed that it was the duty of those in charge of the defendant's car in approaching a public crossing to give a reasonable warning to those about to cross its tracks, and to keep a lookout for persons and vehicles about to cross, and to use ordinary care in discovering their presence and avoiding injury to them.

"4. The court instructs the jury that it was the duty of the plaintiff, Logan, before driving upon defendant's track, to exercise reasonable care to ascertain whether a car was approaching and whether or not it was dangerous for him to drive upon the track, and if the plaintiff failed to exercise such care and by reason of such failure, if he so failed, the collision occurred and plaintiff was injured, then the jury should find for the defendant, unless defendant's motorman knew, or by the exercise of ordinary care could have known that plaintiff was upon or about to cross defendant's track in time to have prevented the collision by the exercise of ordinary care in the use of the means at his command and he failed to use such care in which event you will find for the plaintiff, but, if you believe from the evidence that the vehicle in which plaintiff was riding was negligently driven upon the track of the defendant, at a time when the defendant's car was so near that the motorman in charge thereof could not by the exercise of ordinary care in the use of the means at his command, have prevented the collision you will find for the defendant.

"5. If you find for the plaintiff, you will award him such sum in damages as you may believe from the evidence will fairly compensate him for the damages done to his buggy, if any, not exceeding $75.00, and the reasonable market value of plaintiff's horse not exceeding $300.00, the reasonable value of the medical and surgical expenses if any, incurred by him on account of any injuries to himself not exceeding $500.00 and for the men-

tal and physical suffering, if any, endured by him, and for such mental and physical suffering, if any as it is reasonably certain he will endure as a direct result of the said injuries, and for any permanent impairment of his power to earn money, not exceeding in all the aggregate sum of $10,000.00, the amount claimed in the petition.

"6.   Negligence is the absence of ordinary care, and ordinary care, or reasonable care, as used in these instructions is that degree of care which an ordinarily prudent person would exercise under circumstances like or similar to those proved in this case."

Appellant's first objection is well taken. He offered an instruction upon the duty of the defendant to sound the whistle and give warning of the approach of the car; but the court not only refused to give that instruction, but gave no instruction anthorizing a recovery upon that ground. The plaintiff expressly laid his right to recover upon the failure of the defendant to sound the signal or give the warning of the car's approach to the crossing; and there was evidence to support that contention, as well as evidence upon the other side of the proposition.

It is true the third instruction required the defendant to give a reasonable warning to those about to cross its tracks, but in none of the instructions is a recovery predicated upon a failure upon the defendant's part to give the warning. This was a reversible error.

The fourth instruction is substantially correct. It would have been more in accord, however, with instructions usually given and approved in this class of cases, if, in denying plaintiff's right to recover upon his failure to exercise reasonable care to ascertain the approach of the care, it had said plaintiff could not recover if he failed to exercise such care, and "but for" such failure the collision occurred, instead of saying, as it did, that plaintiff could not recover if he failed to exercise such care, and "by reason of" such failure the collision occurred, &c.

Louisville Railway Co. v. Hutchcraft, 127 Ky., 531; C. & O. Ry. Co. v. Perkins, 127 Ky., 117; C. & O. Ry. Co. v. Lang's Admr., 135 Ky., 85; Louisville Railway Co. v. Mitchell, 138 Ky., 198.

For the error indicated, the judgment is reversed and the cause remanded for further proceedings.