CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
Young, the owner of a number of valuable Cotswold sheep, alleges that twenty-one of them were killed and the others “chased anc^worried,” and thereby greatly injured, by two bull-dogs owned and kept by the appellant, Murray. He alleges that said dogs were vicious and mischievous, and that Murray, prior to the commission of the wrongs and injuries complained of, was apprised of their character in that regard, and yet neglected to kill or restrain them.
Upon issue joined as to each of the material allegations of the petition the action was submitted to a jury, which assessed the damages of Young at $2,000, and, judgment having been rendered in his favor for that amount, Murray prosecutes this appeal.
On the question as to the weight of evidence it is sufficient to say that the appellee produced to the jury evidence conducing very strongly to support each and every averment of his petition, and that the counter-testimony of the appellant *340 was not of such a character as to require, or even to authorize the intervention of the court to set aside the finding of the jury on the facts of the controversy.
The court below refused all the instructions asked by either of the parties, and required the jury to find specially as to the following issues of fact, viz.:
1. Were the sheep of plaintiff killed or damaged by dogs owned or kept by defendant?
2. If said sheep were so killed or damaged by dogs kept or owned by defendant, what amount of damages, considering the value of the sheep killed at the time and place of killing, and injury, if any, done to the remainder of the flock of plaintiff’s sheep, did plaintiff sustain by reason of said killing and injury to his sheep?
3. If they find that the dogs of the defendant killed or injured the sheep of plaintiff as complained of, they will say whether or not said dogs were, prior to said killing or injury, of mischievous habits and disposition.
4. Was the defendant, before the killing and injury of the sheep complained of, apprised or notified of tf^e disposition •and habits of said dogs, and that such disposition and habits were mischievous or vicious?
The jury answered each of the first, third, and fourth interrogatories in the affirmative, and in answer to the second stated that the damages sustained by the appellee amounted -to $2,000.
These special findings so present the facts established by the evidence that nothing remained for the court but to draw from them conclusions of law, and the judgment rendered was the necessary result of those conclusions.
We are of opinion the jury could not have been misled by the^ form of the interrogatories. The second interrogatory did not authorize the finding of speculative damages. It called the attention of the jury specially to the time of the killing, *341 and in effect restricted the elements of damages to the value of the sheep killed and the injury inflicted at the time of the killing upon the remainder of the flockj and it is not reasonable to suppose that its language was understood by the jury to authorize a finding for more than the actual and immediate damages then sustained.
The court did not err in the admission of evidence showing .specific attacks by the dogs of appellant on stock owned by persons living in the neighborhood in which they were kept. To render a person responsible at the common law for injuries committed by an animal of which he is the owner, and which is of a domestic and quiet nature, such as- a dog or a horse, he must be shown to have had a knowledge that it was accustomed to do mischief, the gist of the action not being the negligent keeping, but the keeping with a knowledge of the mischievous propensity; and this knowledge must be affirmatively proved; for although the animal may in fact have before done mischief, yet if this is unknown to the defendant he will not be liable.
In order to show the mischievous propensity of such an animal, it is in general absolutely necessary that the complainant shall be allowed to prove specific acts. It is essential first to show that the animal had, by some one or more specific acts, indulged its vicious and destructive disposition, in order, by conveying notice thereof to the owner, to prove that he .had knowledge of its mischievous propensity.
This doctrine is fully supported by the case of Cockerham v. Nixon (11 Iredell, 269) and by the cases cited by Mr. Saunders in his work on Negligence.
Neither did the court err in admitting evidence of the fact that the dogs Avere generally reputed in the neighborhood to be vicious and destructive.
The damages fixed by the jury are not excessive, in consideration of the evidence upon which they were called on to act. The sheep killed were nearly all breeding ewés, and the *342 proof shows very clearly that such sheep were of the value of $75 per head. The proof further shows that the sheep not killed were seriously - injured by having been “ chased and worried.”
As this case comes clearly within the rules of the common law, we do not find it necessary to construe the 11th section of chapter 9, General Statutes.
Judgment affirmed.