CASE 14.—ACTION BY GILSON PERKINS AGAINST THE CHESAPEAKE & OHIO RY. CO. FOR DAMAGES FOR PERSONAL INJURIES.—November 13.

# C. & O. Railway Co. v. Perkins

Appeal from Lawrence Circuit Court.

M. M. REDWINE, Circuit Judge.

Judgment for plaintiff, defendant appeals— Affirmed.

1. Witnesses—Compentency—Testimony of Persons Interested for or Against a Decedent.—In an action against a railroad for injuries to plaintiff's intestate in attempting to cross its track, plaintiff administrator, who was also intestate's son, was not excluded from testifying as to the injuries sustained by intestate, by Civil Code Prac., section 606, subsection 2, prohibiting a person to testify for himself concerning any transaction with a decedent.

2. Appeal—Review—Harmless Error—Admission of Evidence.— Where, in an action against a railroad for injuries to plaintiff's intestate in attempting to cross its tracks, there was ample testimony as to the injuries sustained by intestate other than that of plaintiff administrator, who was also his son, the admission of plaintiff's testimony to the same facts, to which there was no material contradiction, was not prejudicial error, even if its admission could be regarded as erroneous under Civil Code Practice, section 606, subsection 2, prohibiting a person to testify for himself concerning any transaction with a decedent.

3. Same.—Though, in an action against a railroad for injuries to plaintiff's intestate in attempting to cross its track, it was incompetent for a witness to express his opinion that he thought he could have heard the engine bell if it had been ringing, such testimony was not prejudicial, where the witness had theretofore stated that he did not hear the bell or other signal, and the expression of opinion was forced from him by unnecessary questioning.

C. & O. Railway Co. v. Perkins.

4. Same—Reservation and Presentation of Error—Objection and Exception to Evidence.—Error, if any, in the admission of evidence, is not available where no objection was made on the trial or exception taken.

5. Abatement and Revival—Death of Plaintiff—Actions for Personal Injuries—Recovery for Permanent Impairment of Earning Capacity.—Where plaintiff in an action for personal injuries died, and the action was revived by his administrator, such administrator was entitled to recover for the permanent impairment of his intestate's power to earn money.

6. Railroads—Injuries to Person on Track—Injury Avoidable Notwithstanding Contributory Negligence—Evidence.—Evidence, in an action against a railroad for injuries to plaintiff's intestate in attempting to cross its track, held to warrant a finding that if the usual signals had been given of the backing of the train, and proper lookout maintained by the engineer and fireman, the train, notwithstanding any negligence of intestate, might have been stopped by ordinary care in time to prevent striking him or at least immediately after striking him and before dragging him the distance he was dragged.

7. Trial—Instructions—Construction of Charge as a Whole.—Where, in an action for injuries to plaintiff's intestate in attempting to cross a railroad track, the care necessary to be exercised by intestate was sufficiently expressed by the instructions as a whole, it was not error that a certain instruction did not in express terms define the care required of him.

8. Appeal—Review—Harmless Error—Argument of Counsel.—Though a statement by plaintiff's counsel in his argument, in an action against a railroad for injuries to plaintiff's intestate in attempting to cross its track, that the railroad owed the "highest care," did not properly state the law, it was not prejudicial where the jury was admonished by the court respecting the same and properly instructed as to the care required.

W. H. WADSWORTH and LeWRIGHT BROWNING, attorneys for appellant.

F. T. D. WALLACE of counsel.

POINTS AND AUTHORITIES.

1. One who is an administrator and heir of a decedent, can not

testify concerning transactions with, or acts done or omitted to be done, by the deceased. (Civil Code Prac., section 606, subsection 2; Northrip's Admr. v. Williams et al., 100 S. W., 1192; Warren Deposit Bank v. Younglove, 66 S. W. 749, 112 Ky. 667; Turner v. Mitchell, 61 S. W., 468; Stagg Co. v. Taylor, etc., & Sons, 66 S. W., 862; Elliott v. Campbell, 78 S. W. 1122, 117 Ky. 719; Townsend et al. v. Wilson et al., 71·S. W. 440, 114 Ky. 504; Hobbs v. Thomas, 79 Ky., 61; Witt v. Thomas, 42 S. W., 338; Doty's Admr. v. Doty's Guardian, 80 S. W., 803.)

2. It was error to permit witness to testify as to whether or not he could have heard the bell, that question being for the jury. (Eskridge's Exr. v. Cincinnati, etc., Ry. Co., 12 S. W. 580, 89 Ky. 367.

3. Plaintiff having in his petition set out specifically the injuries complained of, it is error to admit evidence of other injuries. (Chesapeake & N. Ry. Co. v. Hanmer, 66 S. W. 375.)

4. Instruction "1," as given, is erroneous in that it authorizes the jury to award damages for permanent injuries to appellee's intestate. (Ky. Stats., sections 6 and 10; Newport News, etc., R. Co. v. Dentzel's Admr., 14 S. W., 959; Hansford's Admr. v. Payne & Co., 14 Bush, 380.)

5. Instruction "2," on contributory negligence, is erroneous in part, because unsupported by the evidence. (L., H. & St. L. Ry. Co. v. Jolly's Admr., 90 S. W., 977; Ill. Cent. R. Co. v. Vinson, 74 S. W., 671; Bardstown v. Nelson County, 90 S. W., 246; C., N. O. & T. P. R. Co. v. Cecil, 90 S. W., 585; So. Ry. Co. v. Scanlon, 92 S. W., 827.)

6. Instruction "3," as given, is erroneous, because it sets forth only the duties owed by appellant. (Louisville & N. R. Co. v. Cummin's Admr., 63 S. W., 594.)

7. It was error for the trial court to refuse to instruct the jury to disregard certain improper argument made by appellee's counsel. (L. & N. R. Co. v. Cummin's Admr., supra; Railway Co. v. Barbour, 51 S. W., 159; Railway Co. v. Gunter, 56 S. W., 527; Ky. Stats., section 786; L. & N. R. Co. v. McCandless, 93 S. W., 1041.)

JOHN W. WOOD and GREENE & VANWINKLE, attorneys for appellee.

AUTHORITIES CITED.

1. There was no error in the admission or rejection of testimony by the trial court. (Civil Code, section 605; Garrard Co. Court v. McKee, 74 Ky. (11 Bush), 234; Newport St. Ry. Co. v. Johnson, 2 Ky. Law Rep., 225; Cin. O. & S. W. Ry. Co. v. Hogan, 16 Ky.

C. & O. Railway Co. v. Perkins.

Law Rep., 444; Louisville & C. Packet Co. v. Samuels' Admr., 59 S. W., 3; Jackson-Vanarsdell Dist. Co. v. Moore, 61 S. W., 368.)

2. Instructions given by the trial court are correct. (Perkins v. C. & O., 94 S. W., 637; Ky. Stats., section 10; L. & N. Ry. Co. v. Logsden, 71 S. W., 905; L. & N. Ry. Co. v. Hall, 74 S. W., 280; L. & N. Ry. Co. v. Sights, 89 S. W., 132.)

(b) Ill. Cent. Ry. Co. v. Murphy, 97 S. W., 729; Crowley v. L. & N. Ry. Co., 55 S. W., 434; L. & N. Ry. Co. v. Taylor's Admr., opinion October —, 1907.

(c) L. & N. Ry. Co. v. Cooper, 65 S. W., 795; Board of council, etc., Harrodsburg, v. Mitchell, 78 S. W., 210.

3. Argument of counsel was not prejudicial to appellant. (City of Covington v. Glennon, 2 Ky. Law Rep., 215; Ill. Cent. Ry. Co. v. Whittaker, 57 S. W., 465; L., H. & St. L. Ry. Co. v. Morgan, 62 S. W., 736; City of Owensboro v. Knox's Admr., 76 S. W., 191; Lou. Ry. Co. v. Sheehan, 85 S. W., 688.)

OPINION OF THE COURT BY JUDGE SETTLE— Affirming.

This is the second appeal in this case. On the first appeal, which was prosecuted by the original plaintiff, Gilson Perkins, the judgment of the circuit court was reversed because of error committed by that court in peremptorily instructing the jury to find for the defendant. See Perkins v. Chesapeake & Ohio Railway Co., 94 S. W. 636, 29 Ky. Law Rep. 660. As the opinion on the first appeal contains a full statement of the facts constituting the tort complained of by Perkins, it is only necessary to say here that the action was instituted by him to recover of appellantdamages for injuries he sustained by the alleged negligence of the servants of the latter in running an engine and tender over and dragging him, at Ashland, Ky. The answer of appellant denied the negligence complained of, and alleged contributory negligence on the part of Perkins, which was denied by reply. After the reversal, adjudged on the first appeal, Gilson Perkins died intestate, and the action

was thereupon revived, and the prosecution thereof, continued in the name of his son, Wm. Perkins, as administrator. On the last trial the jury returned a verdict in behalf of the administrator for $1,375, upon which judgment was duly entered by the court. Appellant asked a new trial, which was refused. Hence the present appeal.

The grounds filed in support of the motion for a new trial, and now urged for a reversal are: (1) That the lower court erred in allowing certain evidence to be introduced by appellee; (2) that the court also erred in instructing the jury; (3) that counsel for appellee was allowed by the court, over appellant's objection, to make an improper argument to the jury.

A part of the alleged incompetent evidence complained of was the statements of the administrator, Wm. Perkins, as to the character and extent of the decedent's injuries; it being the contention of the appellant's counsel that the testimony in question was as to transactions with the decedent, and, in addition, that, as Wm. Perkins was an heir at law of the decedent, and therefore a party in interest, he was not a competent witness under subsection 2, section 606, Civil Code Prac. The administrator was not excluded from testifying by the provisions of the Code, supra, for he was not testifying in his own behalf against the estate of the decedent, nor did his testimony relate to any transaction with the latter. It only went to show the injuries sustained by the decedent at the hands of appellant's servants, and the nature and extent of his suffering, mental and physical, resulting therefrom. In brief, the witness was just as competent to testify to the facts furnished by him as would have been any other witness who was

not the administrator or an heir at law of the decedent. An examination of the several authorities relied on by appellant will show that they do not sustain his contention. The witnesses whose testimony they pronounce incompetent were parties in interest endeavoring to fasten liability upon the estate of the decedent in satisfaction of demands alleged to be due them from the estate of the decedent. Hence the testimony offered as to any verbal statements of or transaction with the decedent, whose estate it was sought to charge, were incompetent. But, waiving further discussion of the matter, it is sufficient to say that, if the admission of the testimony of Wm. Perkins could be regarded as error, it was not prejudicial to appellant, for ample testimony as to the same facts given in evidence by him was furnished by at least one other witness, and as there was no material contradiction of his testimony, or that of the other witness, no presumption will be indulged that his failure to testify would have strengthened the defense interposed by appellant, or lessened the amount of the verdict. L. & N. R. R. Co. v. Lucas' Adm'r, 98 S. W. 308, 30 Ky. Law Rep. 359; Barkley v. Bradford, 100 Ky. 304, 38 S. W. 342, 18 Ky. Law Rep. 725.

Appellant also complains that the witness Sharp, who was present when the decedent was injured by appellant's cars, was allowed to express the opinion that he thought he could have heard the engine bell, if it had been ringing. This testimony, though incompetent, was not prejudicial, as the witness had theretofore stated, in substance, that he did not hear the bell or other signal of the approach of the engine and cars. The after expression of opinion was but a conclusion forced from him by a series of unneces-

sary questions and the manner in which they were put.·

The further complaint of appellant that Dr. Hudgins was asked as to whether any injury resulted to the decedent's lungs from being run over by the cars, when no injury to those organs had been alleged in the petition, was doubtless inadvertently made, for the witness, in answer to the question, said there was no injury to the lungs. Besides, the record fails to show that the appellant objected to the questions asked Hudgins on that point, or that it took an exception to them.

It is insisted for appellant that instruction 1 erroneously stated the measure of damages, in that it authorized the jury, if they found for appellee, to compensate him for any permanent impairment of the power of his decedent to earn money that may have been caused by his injuries. We do not think this was error. As before stated, the action was brought by the decedent before his death to recover for the injuries sustained. He was injured in April, 1903, but did not die until October, 1905. The action survived to the administrator and was revived in his name; there was no change of the cause of action after the revivor, and as, according to the evidence, the decedent's injuries caused an impairment of his power to earn money, and such impairment continued during the 2½ years intervening between the date of the infliction of the injuries and his death, we know of no rule of law or reason that would prevent his administrator from recovering for the impairment of his power to earn money existing during that time. In a case like this the recovery should include compensation for physical and mental suffering, reasonable surgical bills for effecting or endeavoring to

C. & O. Railway Co. v. Perkins.

effect a cure, value of time lost, and any permanent impairment of the power of the person injured to earn money during the remainder of his life. The measure of damages, as here indicated, is contained in the instruction complained of. It is not therefore open to the objections made by appellant.

To instruction 2, which defined contributory negligence and advised the jury in what way it would prevent a recovery, the court added the following words: "Unless the jury further believe from the evidence that the defendant's servants in charge of the engine and cars, before the injury, discovered, or by the exercise of ordinary care could have discovered, the perilous situation in which plaintiff's intestate's negligence had placed him, and thereafter failed to observe reasonable care to avoid the injury which followed, in which event the law is for the plaintiff, and the jury will so find." Counsel for appellant insist that the foregoing addition to instruction 2 was wrong, because there was not evidence upon which to base it. In this we think counsel err. There was evidence conducing to prove that the engine and tender by which appellee's intestate was injured was backing east at the slow rate of five miles an hour at the time it struck him, and that when the latter left the restaurant to take passage on one of appellant's trains, then about to leave the depot he walked, as all persons were accustomed and licensed to go, eastwardly on a diagonal course, taking five or six steps to reach the first railroad track and six or seven steps along the track, at this juncture the tender of the engine struck and threw him down, but, catching with his hands the board at the end of the tender, he was dragged 125 feet before the engine was stopped, There was also evidence tending to prove

that in approaching the track the intestate looked east, in which direction there was no train in view, and that just before in crossing over to the restaurant he looked to the west, in which direction the track was clear for a long distance; that during the brief time he was in the restaurant the engine and tender, by which he was struck, with seven cars attached, were switched upon this track, and backed east with a tender in front, but with no one standing on the tender board to keep a lookout; that no signals from the bell or whistle of the engine were given to warn the decedent of the approach of the train, and neither the engineer or fireman was keeping a lookout ahead of the backing train. In view of this situation, and the further clearly established fact that the train could have been stopped within 20 or 30 feet, it can safely be said that there was evidence conducing to prove that, if the usual signals had been given of the backing of the train, and proper lookout maintained by the engineer and fireman, the train, notwithstanding the decedent's apparent negligence in getting on the track as he did, might by ordinary care have been stopped in time to prevent its striking him, or, at any rate, been stopped immediately after striking and before dragging him a distance of 125 feet, and thereby have prevented some part of his injuries. Manifestly, no effort was made after the decedent was struck to stop the train short of 125 feet, though the attention of those in charge of it was called to his peril by a person from the restaurant after he was struck. It would seem therefore, that, if they had been keeping a lookout, they would at least have seen the decedent struck by the train and prevented his being dragged the distance he was.

C. & O. Railway Co. v. Perkins.

This being true, it cannot be said that the addition to instruction 2 was unauthorzed by the evidence.

Appellant's contention that instruction 3 was improper because it did not, in express terms, define the care required of the decedent, on the occasion of receiving his injuries, as well as that required of appellant's servants in charge of the train, is without merit, for the care necessary to be exercised by the former was sufficiently expressed by the instructions as a whole.

Equally untenable is the objection to the statement made by the appellee's counsel in argument to the jury to the effect that appellant owed the "highest care to Gilson Perkins." While the remark did not properly state the law in respect to the care required of appellant toward the decedent as its effect was counteracted by the court's admonition given the jury and the instructions as to the degree of care required, the statement could not have been prejudicial.

The judgment is therefore affirmed.