## Faulkner v. Hall.

(Decided November 7, 1912.)

### Appeal from Campbell Circuit Court.

1. Dogs—Liability of Owner or Person Harboring for Injuries Inflicted By.—Under section 68-a of the Kentucky Statutes, every person owning or harboring a dog is liable for injuries inflicted by the dog if the person injured was not on the premises of the owner of the dog.

2. Dogs—Instructions—Damages.—In a suit to recover damages by a person who has been bitten by a dog on a public srteet, the only instructions that should be given is one directing the jury to find a verdict for the plaintiff, and one defining the measure of compensatory damage, when there is no claim that the dog was vicious or that the owner knew he would bite.

3. New Trial.—When the jury, in disregard of the evidence, as well as the instructions, find a verdict for the defendant, the plaintiff is entitled to a new trial.

HOWARD M. BENTON and JUDSON A. SHUEY for appellant.

HUBBARD & SCHWARTZ for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

A young daughter of Hayden Hall, the appellee, owned and kept at his house a little dog that one day ran

out on the street and bit Leroy Faulkner, a boy some four years of age. This action was brought by the next friend of Leroy Faulkner to recover damages from the appellee, Hall, for the injuries Leroy suffered by reason of the bites of the dog. Upon a trial before a jury a verdict was returned in favor of appellee, and this appeal is prosecuted from the judgment on the verdict.

Section 68a, subsection 5, of the Kentucky Statutes, provides in part that: "Every person owning or harboring a dog shall be liable to the party injured for all damages done by such dog." As Leroy was on a public street when bitten by the dog, and as it was admitted that the dog was kept at the house of Hall, the only instruction that should have been given was one directing the jury to find a verdict for the plaintiff, and defining the measure of damage he was entitled to, there being no evidence of contributory negligence or that Hall knew the dog was vicious or inclined to bite. Koestel v. Cunningham, 97 Ky., 421. Instruction No. 2 given by the court defined correctly the measure of damages, but instruction No. 1 was, under the facts, unnecessarily elaborate, although not particularly prejudicial. It is very clear, however, that the jury disregarded the evidence, as well as the instructions, and so the court should have granted a new trial. On another trial the jury will be instructed as indicated herein.

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.