## Campbell v. Chitwood.

(Decided May 13, 1915.)

### Appeal from McCreary Circuit Court.

Appeal and Error—Practice.—This court must dispose of cases on the records that come before it, and will not be influenced in its decisions by matters outside the records that appear in briefs of counsel.

W. R. CRESS & SON for appellant.

ROBERT HARDING, J. E. STEPHENS and G. W. STEPHENS for appellee.

Opinion of the Court by Judge Carroll—Affirming.

Chitwood sued Campbell for $455 alleged to be due on a lumber contract. Campbell, in his answer, admitted that he owed Chitwood $21 on account of the matter set up in the petition, but, in a counter-claim, averred that Chitwood owed him $80, for failure to deliver to him for sale 80,000 feet of lumber, and the further sum of $256 for keeping accounts connected with the lumber,

and he asked judgment over against Chitwood. The reply was a denial of the affirmative matter in the answer.

On a trial of the case before a jury there was a verdict and judgment in favor of Chitwood for $227, and Campbell appeals.

A new trial was sought on the ground (1) that the court erred in admitting incompetent and in rejecting competent evidence; (2) because the assessment of the amount of recovery by the jury was not supported by any evidence; (3) because the court erred in not giving a peremptory instruction to find for Campbell; (4) because the court erred in giving the jury oral instructions, and in not permitting counsel to argue the case.

In reference to the first ground, the record does not show that any evidence offered by Campbell was rejected, and only shows that one objection made by him to the admission of evidence was overruled. The overruling of this objection was error, but in view of the fact that other witnesses testified without objection to the same matter, we do not think this error was prejudicial.

The jury evidently arrived at their verdict by some method of compromise, but the verdict is not unsustained by evidence. On the contrary, we think there was sufficient evidence to support it; and we are further of the opinion that the court did not commit error in submitting the case to the jury.

It is urged that the court, over the objection of counsel for Campbell, gave oral in place of written instructions to the jury. The record, however, shows that the court gave to the jury four written instructions, and we think these written instructions submitted fairly well the issues to the jury.

In reference to the ground that the court would not permit the case to be argued, we do not find anything in the record to support this ground except the motion for a new trial. If the trial court did not permit counsel to argue the case, the bill of exceptions should have pointed out this alleged error.

The attorney for the appellant complains that the record as certified to this court is not a true transcript of what occurred on the trial; but as we must dispose of the case on the record before us, it would serve no useful purpose to comment on the matters outside the record that appear in the brief of counsel.

We have read carefully this very short record and do not find anything in it that would warrant us in disturbing the judgment. The jury could not have failed to understand from the evidence and instructions the exact issues they were called on to try and it was their province to pass on the conflicting evidence.

The judgment is affirmed.