## Baker v. Whittaker.

(Decided October 16, 1917.)

## Appeal from Laurel Circuit Court.

1. Principal and Surety—Notice and Demand.—The notice allowed by section 4668, Kentucky Statutes, to be given by a surety requiring the creditor of his principal in a note to sue to the next term of the court under penalty of releasing the surety, must be so explicit and positive as to amount to a demand to sue; and the burden is on the surety to show the terms of such notice, and that it was received by the principal.

2. Principal and Surety—Notice and Demand.—The mere mailing of such notice by the surety to the creditor creates no legal presumption of its delivery; but that fact is competent to be considered by the jury, together with other evidence, in determining whether the notice was received and when received.

3. Principal and Surety—Notice and Demand.—Under section 4668, Kentucky Statutes, the surety must show that the notice was served in person; and if, in addition to showing that it was duly mailed to the creditor, containing his postoffice address, there is satisfactory evidence conducing to prove an admission by the principal that it was received by him, such evidence as a whole will be regarded as proving the service of the notice in person, as required by the statute; and the verdict of a jury so finding will not be disturbed.

4. Appeal and Error—Evidence—New Trial.—Where incompetent and prejudicial testimony was given by a witness, to which the party against whom it was given did not object, the admission by the trial court, over the latter's objection, of the testimony of a second witness to the same incompetent fact or facts, will not entitle him to a new trial, in the absence of a motion to exclude the incompetent testimony of the first witness.

HAZELWOOD & JOHNSON for appellant.

W. L. BROWN and SAM C. HARDIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

March 5, 1913, S. G. Steele, principal, and C. G. Steele, and the appellee, H. M. Whittaker, as his sureties, executed to the appellant, Charles A. Baker, their promissory note for $2,000.00, due in twelve months, with interest from date. On January 3, 1916, Baker brought suit upon this note in the Laurel circuit court, seeking to recover judgment against all the obligors. At the appearance term following the institution of the action the appellee, Whittaker, filed a separate answer to the peti-

tion, setting up as a defense that on the 15th day of March, 1914, after the maturity of the note, he gave to the appellant written notice in person to immediately sue upon and collect the note, and advised him of his (appellee's) purpose to get his name off of all paper that was then outstanding; that such notice was served upon and received by appellant, but that, notwithstanding same, he failed and refused to sue upon said note in the first court coming on after receiving the notice, or until January 3, 1916; that such failure of appellant to sue upon and collect the note as required by the written notice referred to released and discharged appellee from liability thereon, which was pleaded as a bar to the recovery sought against him. All affirmative matter of the appellee's answer was controverted by reply. Upon the trial of the issues thus made the jury returned a verdict in favor of the appellee, Whittaker, upon which judgment was entered discharging him from liability upon the note sued on and awarding him his costs. Appellant's dissatisfaction with that judgment resulted in his prosecution of this appeal. It is admitted by appellant that appellee was a surety in the note sued upon. Various grounds were urged by appellant in support of his motion for a new trial and these grounds are also relied on in this court for a reversal of the judgment appealed from.

It is insisted for appellant that the trial court erred in overruling the demurrer filed by him to the answer of the appellee; and in support of this contention it is argued by his counsel that the answer presents no defense: (1) Because it is alleged in the answer that the written notice to sue upon the note received by appellant from appellee was given before instead of after the maturity of the note. (2) That the allegations of the answer as to the contents of the notice show it to have been too uncertain and vague to meet the requirements of the law. Our reading of the answer does not permit us to sustain either of these contentions. Its averment with respect to the notice is that it was given "on or about the 15th day of March, 1914, and on or before the note sued on became due and payable." If the notice was given March 15, 1914, as alleged, it was after the maturity of the note, which became due March 5, 1914. The remainder of the allegation quoted, literally interpreted, simply means that he also gave the notice on or before the maturity of the note. In other words, the

language conveys the meaning that the notice was twice given appellant; that is, both before and after the maturity of the note. To be effective it must have been given after the maturity of the note, and if given March 15, 1914, as alleged, it was received by appellant ten days after the maturity of the note, which became due, as already stated, March 5, 1914. If the allegation had been that the notice was given "on or about the 15th day of March, 1914," *or* "on or before the note sued on became due," under the rule that a pleading must be construed most strongly against the pleader, it might be said that the last part of the sentence embraced in the words "on or before the note sued on became due," would control the meaning of the pleader, and, therefore, fix the time of the giving of the notice as before the maturity of the note. But the use of the word "and," following the words "on or about the 15th day of March, 1914," instead of "or," gives the sentence, as a whole, the meaning that the notice was given both before and after the maturity of the note. The giving of it before the maturity of the note amounted to nothing, but the fact that it was also given, as alleged, after the maturity of the note, was essential to the right of appellee to rely upon it as a defense to the note.

Obviously, these objections to the answer are without merit; moreover, the fact that the notice was given, or at any rate, written and mailed, on March 15, 1914, ten days after the maturity of the note, was testified to by appellee and his attorney, B. G. Reams, and not denied by any other witness.

We regard as equally untenable appellant's contention, as to the alleged indefinite terms of the notice. As shown by the evidence, the language of the notice was: "Mr. C. A. Baker—I hereby notify you to collect the S. G. Steele note that I am on while he is worth it, as I am tired of being drug around." Quotations are made by appellant's counsel from 32 Cyc., p. 104, to the effect that the "notice must amount to a command. It is not sufficient to express a hope, a wish or a desire; nor will it be sufficient compliance for a surety to give a hint, to make a request, to urge, to suggest, to advise, etc."

It will be observed that the language of the notice given in this case, in its demand that appellant take immediate steps to collect the note in question of the principal is as importunate as if it had said, "sue upon the note at once." It is not a mere request that suit be

brought, nor does it stop with the expression of a desire that such step be taken. Its language amounts to a command—"I hereby notify you to collect the S. G. Steele note that I am on." There must be no delay, for coupled with the words already quoted demanding the immediate collection of the note, are the further words, "while he is worth it"; which show the urgency of appellee's demand that action be taken at once to enforce its collection. In other words, the language, "I hereby notify you to collect the S. G. Steele note that I am on while he is worth it," is equivalent to a command not to let a court pass without bringing suit upon the note, and substantially as forceful as if the words sue upon the note in the first court, had been used. In Benge's Administrator v. Eversole, 156 Ky. 131, we held that a "notice" to collect will be sufficient, if the language used indicates that the collection must be made by suit, if necessary.

It should here be remarked that appellant understood that the notice given him by appellee was a command to him to sue. It is true he testified that he did not receive the notice, yet three witnesses, appellee, his son, Lee Whittaker, and Si Jones, all testified that appellant in their presence admitted to appellee that he had received the notice, and that in making the admission, he said to appellee, "Henry, I got your notice, but that man (S. G. Steele, the principal in the note) is as honest as he can be, and I aim to let him keep the money."

Yet another contention made by appellant is that the proof failed to show the receipt of the notice by appellant. There is little ground for this contention. In addition to the admission of appellant that the notice was received by him, the testimony of appellee and of his attorney, Reams, shows that it was written by the latter at the request of appellee on March 15, 1914, and was then mailed to appellant. In Benge's Administrator v. Eversole, *supra*, we held, in substance, that notwithstanding the requirement of the statute that the notice must be served on the payee of the note in person, where it is shown that it was properly mailed and addressed to him at his postoffice, although such mailing of it did not create a legal presumption of its delivery, the fact that it was so mailed is proper testimony to be considered, together with other evidence, in determining whether it was received. In this case a mere presumption of the delivery of the notice is not all that is relied upon to show its delivery, for three witnesses testified that its deliv-

ery was admitted by appellant. His denial of that admission presented an issue of fact to be settled by the jury and it was so settled adversely to his contention. We think there was evidence sufficient to justify the conclusion reached by the jury that there was, in the meaning of section 4668, Kentucky Statutes, a delivery to appellant of the notice from appellee. The object of the statute is patent and when the surety substantially complies with its terms in the matter of giving the notice to the holder of the note to proceed at once to its collection, as was here done, and the obligee or holder of the note fails to use the diligence required of him by the statute, the surety is discharged from all liability.

Appellant also complains of error upon the part of the trial court in the admission of evidence. The evidence in question consists of certain statements from appellee made to his attorney, Reams, when the latter advised him as to the manner of giving the notice and prepared it for him; the statement being to the effect, that appellee told Reams he had paid out as surety for people so much money that it had about broken him up and ruined him. This conversation was related both by appellee and Reams in the hearing of the jury. The conversation was clearly incompetent, and should have been excluded by the court. Appellee's relation of it was not, however, objected to by appellant, but such objection was made to the conversation when related by the attorney, Reams, in giving his testimony, and the objection overruled. If, in addition to making the objection to what Reams said about this conversation, the appellant had moved the court to exclude what had been previously said on the same subject by appellee, and the court had overruled both the objection and motion, we would have felt compelled to say that the prejudicial character of the evidence in question would require the reversal of the judgment; but this course was not pursued by appellant, and as he allowed the testimony of appellee respecting the evidence in question to go unchallenged, we must take it for granted that neither he nor his counsel regarded it as prejudicial. In view of which, we are at a loss to understand why he should have regarded his rights prejudiced by the subsequent relation of the same conversation by Reams. The exclusion of the testimony of Reams on this point, if the court had complied with appellant's request therefor, would not have removed the hurtful

effect of the testimony of appellee, which was received and considered by the jury with appellant's assent. In view of the situation of appellant's own making thus presented, we are unable to say that the testimony of Reams was so prejudicial to his rights as to compel the reversal of the judgment.

The instructions given by the court aptly and, with commendable brevity, gave the jury all the law applicable to the issues of fact in the case. Indeed, this is recognized by appellant's counsel, who fails to offer any criticism of the instructions.

In our opinion, appellant's contentions already passed on the the only ones material to be considered, and as the record shows no cause for disturbing the verdict of the jury, the judgment is affirmed.