# Barnett et al. v. Caldwell et al.

(Decided November 15, 1929.)

A. N. CISCO for appellants.

GEO. B. MARTIN and JOHN L. SMITH for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Section 1847 of the Kentucky Statutes as it appeared in Carroll's 1915 Edition of that work provided for the

method of putting into effect in a county the commission form of government. By chapter 65 of the Acts of 1916 this section 1847 was amended first by a slight change of verbiage of the section; secondly, by providing that the elections authorized by the section should be held not oftener than once every two years instead of eight years, as that section originally provided; and, thirdly, by adding to the section "subsection 2," which provided a stated compensation for commissioners in lieu of fees, the salary of commissioners of counties having a population of more than 30,000 and less than 50,000 being fixed at $600 a year. This act of 1916 found its way into the 1918 Supplement of Carroll's Kentucky Statutes as section 1847. In 1920 the Legislature passed an act known as chapter 115 of the Acts of that year. That act is entitled: "An Act to repeal, amend and re-enact *Section 1847, Kentucky Statutes, Carroll's Edition 1915,* relating to commissioners to constitute fiscal courts, and providing for special election therefor." (Italics ours.) The first section of this act begins thus: "Be it enacted . . . that *Section 1847, Kentucky Statutes, Carroll's 1915 Edition,* be and it is hereby repealed, amended and re-enacted, so that the same when so repealed, amended and re-enacted shall read as follows." (Italics ours.) Then follow provisions governing the procedure for elections to determine whether or not the commission form of government shall be adopted, which provisions are quite different from those set out in the first subsection of the act of 1916 to which we have referred. This act of 1920 did not refer specifically to the act of 1916.

Section 2 of the act of 1920 provides: "All laws or parts of laws in conflict herewith are hereby repealed." Even without this provision, in so far as the provisions of the 1920 act were inconsistent with those of the 1916 act, the latter stood repealed. In the case of State Board of Charities & Corrections et al. v. Combs, 193 Ky. 548, 237 S. W. 32, 35, the facts were that in 1916 the Legislature adopted an act (Acts 1916, c. 39) which by its title purported inter alia to repeal, amend, and re-enact chapter 19 of the acts of 1914. No reference was made in this title to the then section 3801 of the Statutes. The 1916 act contained provisions germane to its title, but which were inconsistent with section 3801 of the Statutes. It was held that, in so far as there was any such inconsist-

ency, the provisions of section 3801 were repealed. We said:

> "If an amendatory act contains legislation which is irreconcilably inconsistent with a provision of a previously existing statute, which is not mentioned in the title of the amendatory act, and the provision of the amendatory act is germane to its own title and not foreign to it, so that it is covered by the title of the act, no reason is perceptible why the provision of the amendatory act would not work·a repeal of the previously existing and outstanding inconsistent statute, by implication."

In 1926 the Legislature by chapter 58 of the acts of that year *amended section 1847 of the 1915 Edition* of Carroll's Kentucky Statutes as theretofore amended by the act of 1920 by providing that in counties containing cities of the second class the commissioners should be paid a salary of not exceeding $2,000 per year. Again, although the 1916 act is not mentioned in this 1926 act, its provisions, where inconsistent with the 1926 act, stand repealed. The appellees herein were elected commissioners of Boyd county in the November election of 1925. Boyd county, when the 1916 act was passed, was a county having a population in excess of 30,000 and less than 50,-000, and when the 1926 act was passed was a county containing a city of the second class. The act of 1926 went into effect in June of that year, and on July 10th following the Boyd county fiscal court, then composed of the appellees as commissioners, adopted the following order: "It appearing that prior to the passage of the act fixing salaries of commissioners in counties containing cities of the second class that no compensation was provided and the act of the Legislature, chapter 58, page 174, Act of 1926, fixed the compensation of commissioners in counties having cities of the second class, it is now ordered that the salaries be fixed at the sum of $1,800 per annum, payable monthly." It may be said in passing that, after the passage of the act of 1920, and up to the passage of the act of 1926, the commissioners of Boyd county had been drawing the salary of $600 per year authorized by the act of 1916.

After the adoption of the order of July 10, 1926, above noted, this suit was brought by the appellants, citizens and taxpayers, to enjoin the payment to the appellees of any salary in excess of the $600 salary author-

ized by the act of 1916. Various pleadings were filed, but the only issue raised by them is what effect the act of 1920 had, if any, upon the act of 1916. The lower court held that the act of 1916 was repealed in toto by the act of 1920, that the act of 1920 provided for no salary for the commissioners, and that for that reason they were authorized in 1926 to adopt the order here attacked. He thereupon dismissed the appellants' petition, and this appeal followed.

It is conceded that, if the act of 1916, in so far as it provided for salaries, was in effect when the 1926 act was passed, then the commissioners elected in the fall of 1925 when the law provided a $600 a year salary could not during the term of office to which they were elected take advantage of the increase of salary authorized by the act of 1926. Adams v. Slavin, 225 Ky. 135, 7 S. W. (2d) 836. It has been held that a title to an act amending or repealing an earlier law is sufficient if the title but refers to the section of the statutes proposed to be amended, repealed, or modified. The reason for this rule is thus expressed in the case of Jefferson County v. Cole, 204 Ky. 27, 263 S. W. 1114, where the rule was applied:

"It is the settled rule in this state that the title of an act is sufficient if it purports to repeal or amend a particular section of the Kentucky Statutes, the reason being that the members of the General Assembly may at once examine the section affected and determine the nature and extent of the proposed change in the law."

The reason for the rule being as stated, it must necessarily follow that no section of the Statutes is amended or repealed by the provisions of an act where the title refers only to specific sections of the Statutes, except the specific sections mentioned in the title, and except in so far as the provisions of the new act are inconsistent with provisions of previous laws. If this were not so, the title to the act would violate section 51 of the Constitution because not affording a true index of what the act contains. As stated, there was no reference whatever in the title or the body of the 1920 act to the 1916 act, which, of course, did not appear in the 1915 Edition of Carroll's Statutes. It therefore follows that the 1916 act remained unaffected by the 1920 act, except in so far as its provisions were inconsistent with those of the 1920 act.

There is nothing in the 1920 act that is inconsistent with the provisions of subsection 2 of the 1916 act, and therefore it results that the provisions of this subsection 2 were not affected, repealed, nor modified by the 1920 act. Hence subsection 2 of the 1916 act was in full force and effect when the appellees were elected in the fall of 1925, for which reason they were powerless to raise their salaries during the term for which they were elected, as they attempted to do by the order of July 10, 1926. The lower court erroneously dismissed the appellant's petition, and its judgment must be reversed, with instructions to enter a judgment in conformity with this opinion.