## Brown v. Weathers.

(Decided Feb. 7, 1933.)

RODNEY HAGGARD and RAYMOND CONNELL for appellant. LAIR & BATTERTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal presents for review a trial before a jury of a claim for personal injury alleged to have been inflicted on Frankie Brown by a dog of Claude Weathers. The determinant question is whether the liability and right of recovery in such action in this jurisdiction are controlled by the common law or the statutes. The instructions of the court fixed the liability of Weathers and the right of recovery of Mrs. Brown under the

common law. Mrs. Brown insists that her right of recovery and the liability of Weathers under the allegations of the petition and the evidence offered in support of its allegations are controlled exclusively by our statutes. It is agreed by the parties that the common law is aptly stated in this language:

> "At common law the owner of a dog is not liable for injuries caused by it, unless it is vicious, and notice of that fact is brought home to him. But when it is once established that the dog is of a vicious or mischievous nature, and that the person owning or keeping it has knowledge of that fact, the same responsibility attaches to the owner to keep it from doing mischief as the keeper of an animal naturally ferocious would be subject to, and proof of negligence on the part of the owner of the dog is unnecessary." 3 C. J. p. 97, sec. 330.

Also it is agreed that this court, in Murray v. Young, 12 Bush, 337, applied in a case of this character the rule of the common law. Absher v. Monday, 9 Ky. Law Rep. 332.

The General Assembly in 1893 supplanted the common law by the use (section 68, Ky. Statutes 1915) of this language:

> "Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog," etc.

Under this section it was held that the owner was liable to any person bitten by a dog, for both compensatory and punitive damages, even though he had no notice of the vicious nature of the dog prior to its biting of the complainant. Koestel v. Cunningham, 97 Ky. 421, 30 S. W. 970, 17 Ky. Law Rep. 296; Bush v. Wathen, 104 Ky. 548, 47 S. W. 599, 20 Ky. Law Rep. 731; Meyer's Adm'r v. Zoll, 119 Ky. 480, 84 S. W. 543, 27 Ky. Law Rep. 167; Faulkner v. Hall, 150 Ky. 416, 150 S. W. 506; Davidson v. Manning, 168 Ky. 288, 181 S. W. 1111. In 1906 the legislature re-enacted the act of 1893. The language of section 68 of the act of 1893, is in substance identical with that of section 5 of the act of 1906 (Ky. Stats. 1930, sec. 68a-5). The case of Faulkner v. Hall, supra, construed section 5 of the act of 1906, and followed the construction given to section 68 of the act of 1893. In 1918 the Legislature re-

enacted what is commonly known as the "dog law."
Section 34 thereof (chapter 112) reads:

"This act is intended as a complete and uniform
system throughout the Commonwealth for the
licensing of dogs and the protection of livestock
and poultry from injury by dogs; but nothing in
this act shall interfere with any law for the pro-
tection and preservation of game. Except where
such act or parts of acts are specifically repealed,
this act does not repeal or effect any acts * * *
relating to mad dogs or dogs affected with any
disease."

In Gay v. Com., 231 Ky. 396, 21 S. W. (2d) 480,
482, when construing section 34, we said:

"It is apparent from a reading of the act of
1918, and particularly of section 34 thereof, that it
was intended to be a complete and comprehensive
act pertaining to the regulation of dogs and the
protection of live stock from injury by dogs, and
that all laws on this subject were repealed, except
any law for the protection and preservation of
game and 'any acts or parts of acts relating to mad
dogs or dogs affected with any disease.'

"Where a statute covers the whole subject-
matter of an earlier act, and it is apparent that it
was intended to be a substitute therefor, it operates
as a repeal of the earlier act, although it contains
no express words to that effect. Com. v. Florence,
192 Ky. 236, 232 S. W. 369. The 1918 Act deals
comprehensively with the whole subject of the reg-
ulation of dogs, and that such was the purpose of
the act is clearly set forth by the title. Further-
more, it is expressly provided by section 34 of the
act that it is intended as a complete system for the
licensing of dogs and the protection of live stock
and poultry from injury by dogs, and it excepts
from repeal only acts intended for the protection
and preservation of game and acts or parts of acts
relating to mad dogs or dogs affected with any
disease."

That portion of section 68 and section 68a-5 which
is in this language, "Every person having, owning or
keeping any dog shall be liable to the party injured for
all damages done by such dog," etc., is not carried into

the act of 1918, nor is it embraced by the exceptions found in section 34 of the act of 1918. It follows therefore that so much of the acts of 1893 and 1906, as gave a cause of action for damage to a party bitten by a dog owned or kept by another, was repealed by the act of 1918, thus leaving in force the common law controlling such cause of action. Day v. Com., supra, and Buchannon v. Com., 95 Ky. 334, 25 S. W. 265, 15 Ky. Law Rep. 738; Com. v. Owensboro, F. of R. & G. R. Co., 95 Ky. 60, 23 S. W. 868, 56 S. W. 993, 15 Ky. Law Rep. 449; Ex parte Lawrence, 204 Ky. 568, 265 S. W. 287; Barnett v. Caldwell, 231 Ky. 514, 21 S. W. (2d) 838.

The theory of the defense was that the common law was applicable and controlled his liability and the right of Mrs. Brown to recover. The court in his instructions to the jury confined it to the common-law liability of Weathers, when determining his liability and her right to recover. The instructions being consonant with our view of the law, it follows no error was committed by the trial court in so instructing the jury.

The evidence in behalf of Mrs. Brown tending to establish the vicious habits of the dog, and the knowledge of Weathers of its habits, was that on one occasion while Weathers and a woman employee were playing, the dog grabbed the clothing of the woman. In a few days thereafter when Mrs. Weathers and the same woman servant were about Weathers' home, the servant had a mop in her hand, and when she moved away from Mrs. Weathers with the mop, the dog snapped her, inflicting a slight injury. On another occasion when a colored woman was passing along the highway near a barn of Weathers, the dog without warning came up behind her and grabbed her clothing, when she holloed and it turned loose her skirts. A little girl who was in the habit of visiting at Weathers' home and occasionally playing with the dog, on one occasion entered the gate, when the dog reared up on her and growled; she fell, and the dog quit bothering her.

While the trial was in progress it was agreed by the plaintiff that the dog had done no injury, except those alluded to above, and that the dog was not vicious or dangerous.

The disposition and nature of the dog as a docile, quiet, peaceable one, were fairly well established by the

evidence. The issues presented by the pleadings and the evidence were submitted to the jury by appropriate instructions and its verdict is amply supported by the evidence. The jury were the triers of the facts, and the verdict is not palpably against the weight of the evidence. On the contrary, it is abundantly supported by the evidence. Mrs. Brown interposed timely objections to evidence tending to show the disposition and nature of the dog. Her objections to the evidence as to these characteristics of the dog were made on the theory that the liability of Weathers was controlled by sections 68 or 68a-5, and not by the common law. Since it is our view that the liability of Weathers is controlled exclusively by the common law, it logically follows that it is our view no error was committed in overruling the objections to it.

Another species of evidence objected to by her was that concerning a former dispute between Weathers and Mrs. Brown and her family regarding a fence. Such evidence shed no light on the issues and was improperly admitted, but its admission was a harmless error. An error in admitting testimony is harmless unless it appears to have been prejudicial to the party complaining. Irvine v. Greenway, 220 Ky. 388, 295 S. W. 445; Roy Lumber Co. v. Donnelly (Ky.) 103 S. W. 255, 31 Ky. Law Rep. 601; C. & O. R. R. Co. v. Perkins, 127 Ky. 110, 105 S. W. 148; Robinson v. L. & N. R. R. Co., 160 Ky. 235, 169 S. W. 831; L. & N. R. R. Co. v. Home Insurance Co. of N. Y., 146 Ky. 281, 142 S. W. 398. Such harmless error is insufficient to authorize a reversal. Campbell v. Chitwood, 164 Ky. 638, 176 S. W. 36; Baker v. Whittaker, 177 Ky. 197, 197 S. W. 644; Hazard Dean Coal Co. v. McIntosh, 183 Ky. 316, 209 S. W. 364; Dawson v. Shannon, 225 Ky. 635, 9 S. W. (2d) 998; Smart v. Easley, 5 J. J. Marsh, 214; Short v. Metz & Co., 165 Ky. 319, 176 S. W. 1144; Peoples' Bank of Tompkinsville v. Keating Brothers, 177 Ky. 721, 198 S. W. 8.

Perceiving no error prejudicial to the substantial rights of Mrs. Brown, the judgment is affirmed.