## Rickett v. Cox.

Feb. 25, 1944.

T. E. Mahan for appellant.

L. O. Siler for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellee, Hila Ester Cox, obtained a verdict against appellant, Porta Rickett, for $800 damages as a result of having been bitten by a dog alleged to be vicious and owned by him. A reversal of the judgment entered on the verdict is sought on three grounds: 1. Knowledge of the dog's viciousness by the owner was not shown, therefore his motion for a directed verdict should have been sustained; 2. incompetent evidence was admitted

as to the viciousness of the dog; 3. the instructions were erroneous.

With the repeal of KS Sec. 68a-5 one bitten by a dog is left to common law for his remedy. Brown v. Weathers, 247 Ky. 306, 57 S. W. (2d) 4; Fowler v. Helck, 278 Ky. 361, 128 S. W. (2d) 564. To render the owner liable at common law for injuries committed by an animal of domestic and quiet nature it is necessary to prove that he knew it was vicious, as the gist of the action is not negligently keeping the animal but keeping it with the knowledge of its mischievous or vicious propensities. Murray v. Young, 12 Bush 337, 75 Ky. 337.

The petition averred that appellant owned, harbored and kept on his premises a large dog which he knew was fierce, vicious and dangerous; that he permitted it to be at large on the public highway where it attacked and severely bit appellee upon her leg inflicting serious injuries to her damage of $1025. The answer was a traverse.

Appellee's evidence related to the ownership of the dog, its vicious habits and character, appellant's knowledge thereof and the extent of damages by reason of being bitten. At the conclusion of her evidence a motion was made by appellant for a directed verdict on the theory there was no proof showing the dog had ever before bitten a person and appellant had no knowledge of its vicious propensity toward people. When this motion was overruled appellant offered no proof and the case was submitted to the jury solely on appellee's evidence under the instructions given by the court.

The proof showed that Rickett and his family resided on the Mulberry Road not far from the mining camp of Gatliff. His house was located about twenty feet from the highway, with a yard between, and the yard fence seems to have been but a few feet from the edge of the highway. On the afternoon of Nov. 3, 1942, Mrs. Cox was walking along the highway on the opposite side from Rickett's residence, had just spoken to an acquaintance and did not see the dog or know that it was around. The yard gate was open and as she passed a "middle-sized" red Shepherd dog, without barking, ran at her from behind the gate and bit her on the right leg about four inches above the ankle. She screamed and fought the dog off with a pocketbook but not before she was so

severely bitten that a doctor was required to take ten stitches to close the wound. As a result of the biting she was confined to bed for almost a week and to the house for about a month and no question is raised as to the amount of damages being excessive.

Mrs. Cox introduced five witnesses to establish the vicious habits of the dog and the owner's knowledge thereof. Four of these witnesses had passed on the road in front of Rickett's home almost daily over a long period of time before appellee was bitten and knew the dog. On occasions it ran out on the road barking and growling as if to attack them but they drove it back with rocks and sticks, one of them even shooting at it, and none of them were bitten. At times when this would happen Rickett and his family were at home, while at other times when the dog would make his attacks they were not. None of these persons thus set upon by the dog ever mentioned the fact to the Ricketts, except Anderson Hamlin and he did not answer the question on cross-examination if that conversation was before or after Mrs. Cox was bitten.

John Hamlin testified the dog ran out into the road and bit the mule he was riding and he informed appellant of that fact before Mrs. Cox was bitten. The court admonished the jury that the biting of the mule could be considered only as to the viciousness and disposition of the dog. Arnold Reynolds had an experience similar to John's and he shot at the dog on two occasions but never mentioned it to Rickett. Robert Blevins was asked if he knew the dog's reputation as to biting or attempting to bite persons from what people generally in the community said and he replied, "Yes sir. * * * They say he was bad about running out on them."

Was this evidence sufficient to bring knowledge home to appellant of the vicious habits of his dog? The general rule appears to be that if the owner has seen or heard enough to convince a man of ordinary prudence of the viciousness of his dog, it is sufficient to charge him with notice. It is not necessary that the owner have notice that his dog has previously bitten others in order to make him liable for such depredations of the animal, but he is liable therefor if he knew, or ought to have known, of its vicious propensities toward people. Positive proof of such knowledge is not always necessary, it may be inferred from the circumstances. 2 Am. Jur.

Sec. 82, p. 754; Fowler v. Helck, 278 Ky. 361, 128 S. W. (2d) 564; Looney v. Bingham Dairy, 70 Utah 398, 260 P. 855; Mailhot v. Crowe, 99 Wash. 623, 170 P. 131; 3 C. J. S., Animals, Sec. 176, p. 1280. As said on page 729, Sec. 48, 2 Am. Jur., "The question in each case is whether the notice was sufficient to put the owner on his guard and to require him, as an ordinarily prudent man, to anticipate the injury which has actually occurred."

Disregarding the direct warning to appellant by Anderson Hamlin because he did not answer the question whether or not it was given before or after Mrs. Cox was bitten, and likewise disregarding the warning of John Hamlin because it related to the biting of his mule, yet there is sufficient circumstantial evidence to have caused a man of ordinary prudence to have anticipated that this dog would sooner or later bite some person. We say this because the evidence shows Rickett and members of his family were at home on numerous occasions when this dog ran out into the highway some twenty feet from their residence barking, growling and showing a disposition to attack passersby and was driven off by them with rocks and sticks.

The vicious character of a dog cannot be shown by evidence of general reputation but evidence as to reputation for the particular propensity involved in the case is admissible. 3 C. J. S., Animals, Sec. 175, p. 1275. Evidence of the habits or general traits of this dog as to biting or attempting to bite people was properly admitted in the case at bar as tending to prove this particular propensity and the owner's knowledge thereof. 2 Am. Jur. Sec. 82, p. 754; Fowler v. Helck, 278 Ky. 361, 128 S. W. (2d) 564; Fake v. Addicks, 45 Minn. 37, 42 N. W. 450, 22 Am. St. Rep. 716; See annotations, 61 A. L. R. 888.

The court properly excluded Mrs. Cox's testimony as to the general reputation of the dog biting people since it developed that she did not know that reputation, but correctly admitted such testimony where the witness was acquainted therewith. Ordinarily, the testimony that a dog attacked stock is not competent to prove its viciousness toward people. Fowler v. Helck, 278 Ky. 361, 128 S. W. (2d) 564. However, the testimony of John Hamlin and Arnold Reynolds that it ran out into the road and bit the mules they were riding is competent to prove the propensity of the dog to attack people on the

theory that the dog was after the men as well as the mules, and not being able to reach the former it bit the latter.

It is argued that the first instruction is erroneous because the court in submitting to the jury whether or not the previous conduct of the dog showed it was vicious, and that appellant had knowledge thereof before appellee was bitten, did not limit the viciousness of the dog as relating to people. All the evidence as to the dog's propensities related to its viciousness toward people and not animals. Therefore, it was not necessary for the instruction to confine the dog's viciousness, and appellant's knowledge thereof, to people, as reasonable persons could not otherwise have construed the instruction. The given instruction followed Sec. 70 on page 95 of Stanley's Instructions to Juries, which instruction was approved in Brown v. Weathers, 247 Ky. 306, 57 S. W. (2d) 4, where the proof of the dog's habits was confined to its relation with people. The instruction is not subject to criticism under the evidence presented in this record.

The judgment is affirmed.