CASE 58—INDICTMENT—FEBRUARY 24.

## Buchannon v. Commonwealth.

APPEAL FROM WOLFE CIRCUIT COURT.

REPEAL OF STATUTES.—The act of April 10, 1893, entitled "An act relating to crimes and punishments," was intended to be a complete system of statutory law relating to crimes and punishments; and as a consequence to supersede or repeal all existing statutes on that subject. Therefore, Section 96 of that act is to be regarded not merely as an amendment to the act of April 11, 1873, known as the "Ku-klux law," but as a substitute for the entire act.

HURST & BYRD FOR APPELLANTS.

1. The indictment is bad in that it charges the defendants with "confederating and banding themselves," when the offense, as set out in the statute, is that of *unlawfully* confederating and banding themselves together, etc.
2. Section 96 of the act relating to crimes and punishments contains the whole law upon the subject of confederating and banding together, and therefore the court erred in giving instruction No. 2 with reference to injury to person or property. (Broadus v. Broadus, 10 Bush, 308.)

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

Section 96 of the act relating to crimes and punishments is merely an

amendment to the original Ku-klux law, and therefore it was proper
for the court to give instruction 2 under section 4 of that law. (Acts
1891–'92–'93, sec. 96, p. 782; Ku-klux Act, General Statutes, p. 468,
edition 1888.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment in this case charged appellants with the
offense denounced in section 96, subdivision 12, chapter
182, Acts 1891–'92–'93, entitled " An act relating to
crimes and punishments," approved April 10, 1893, as
follows: "If two or more persons shall unlawfully con-
federate or band themselves together and go forth armed
or disguised for the purpose of intimidating or alarming
any person, or to do any felonious act, they shall each,
on conviction, be imprisoned in the penitentiary not less
than six nor more than twelve months." (The Ken-
tucky Statutes, section 1223.)   But it is stated in the
indictment not only they were guilty of the particular
offense described in that section, but that, in pursuance of
the confederating and banding together, they did alarm,
disturb and beat one Stephen Combs and injure his property.
And the lower court instructed the jury they might, upon
the latter hypothesis, fix the punishment at confinement
in the penitentiary not less than twelve nor more than
eighteen months.

The indictment seems to have been drawn and the jury
instructed upon the theory that the section quoted was
intended to be simply an amendment to, not a substitute
for, the entire act approved April 11, 1873, known as the
" Ku-klux law."

Section 2 of that act makes it a distinct offense for two
or more persons to confederate or band themselves to-
gether for the purpose of intimidating, alarming or dis-

turbing any person or persons, or to do any felonious act, and fixes the punishment at confinement in the penitentiary not less than six nor more than twelve months, or, in discretion of the jury, a fine not less than one hundred nor more than five hundred dollars, and imprisonment in the county jail not less than three nor more than six months. While section 3 makes it an offense for two or more persons to unlawfully confederate or band together and *go forth* armed or disguised; though punishment is the same as prescribed in section 2. But section 4 provides that if *any injury results* to any person or property by reason of the unlawful acts denounced in the preceding sections, those engaged shall, on conviction, be confined in the penitentiary *not less than twelve nor more than eighteen months.*

As will be observed, in order to make a complete offense under section 96 of the act of April 10, 1893, it is essential not only that two or more persons unlawfully confederate or band themselves together, as provided in section 2 of the act of April 11, 1873, but that they *go forth armed or disguised* for the purpose of intimidating or alarming persons or to do a felonious act, as denounced by section 3 of that act. But it is manifest both sections were intended to be superseded or repealed by section 96 of the act of 1893. The main question, however, is whether that section has operated or was intended to repeal section 4 of the act of 1873; for if so, then it was an error of court affecting substantial rights of appellants to instruct the jury that twelve months was the minimum and eighteen as maximum punishment in case injury had resulted to the person and property of Combs.

The act of April 10, 1893, was, it seems to us, intended

to be a complete system of statutory law relating to crimes and punishments, and as a consequence to supersede or repeal all existing statutes on that subject. For, under the comprehensive title of crimes and punishments, every offense mentioned in chapter 29, General Statutes, having the same title, as well as all others provided against by special acts, are considered and treated of in that act, which is formally divided into articles relating to different classes of crimes and subdivisions of each class. And as section 96, embracing only provisions of sections 2 and 3 of the act of 1873, is all on the subject the Legislature deemed necessary to engraft in the act of 1893, the conclusion is entirely reasonable that it was not intended that section 4, or any other part of the act of 1873, should be longer in force. This interpretation does not at all leave a person injured by reason of such unlawful acts without redress, or the person or persons who do the injury free from punishment.

As, therefore, section 4 of the act of 1873 was not in force when the alleged offense was committed, it was error to instruct the jury to fix any other kind or degree of punishment than that prescribed in section 96, act of April 10, 1893; and the judgment is reversed for a new trial consistent with this opinion.