## National Bank of the Republic v. Current, et al.

(Decided February 17, 1911.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. **Statutes—Revision of Previous One—Construction—Presumption —Omitted Clause—Inference.**—In construing statutes not only the language used must be looked to, but where it is a revision of a previous one on the same subject it is proper to examine the old as well, to see what change, if any, has been made. It must

be presumed the legislature  meant something in making the change. So where an entire clause relating to a particular one of a class of subjects has been. omitted, it is a reasonable inference that it was not intended that the omitted clause should be embraced in the terms of the statute.

2.  Licensed Peddlers Notes—Endorsement—Meaning— Intendment —Assumption.—In the Act of 1906 ("Revenue and Taxation") omitting the clause as to venders of patent rights, was intended to conform to the decision of the court, so as to require only licensed peddlers to have their notes endorsed "Peddlers Notes," as required by Sec. 4223, Ky. St.  So the phrase in sec. 4216, "anything not hereinafter specially exempt," means anything to sell for which a license is required by section 4215. This construction gives some meaning to the  legislative  action. The converse would be to hold that nothing was intended by it.  That we ought not to assume.

HENRY BURNETT and WILLIAM ENGLISH for appellant.

HINES & NORMAN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Current and Wood executed two promissory notes to the American Automatic Advertising Co. for $706.25 each, which before maturity were discounted to appellant for value. The notes were given for the price of certain rights to the exclusive use of patented articles in territory in Kentucky. Appellees the makers defended on the ground that the notes were given to itinerant persons, and for the rights named, and, as they were not indorsed "peddlers note," as required by section 4223, Ky. Stats., they were void. They also pleaded that the consideration for the notes had failed. Appellant demurred to the answer. The demurrer was overruled. Appellant elected to stand on its demurrer and the petition was accordingly dismissed.

By section 4215, Ky. Stats., all persons who are by that article deemed peddlers are required to pay a license for plying their vocation. Section 4216, Ky. Stats., then reads:

"All itinerant persons vending lightning rods, goods, wares, merchandise, clocks, watches, jewelry, gold, silver, or plated ware, spectacles, drugs, perfumery and any other thing not hereinafter  specially exempt  shall be deemed peddlers."

By section 4218, Id., no person shall be deemed a peddler for selling tinware, agricultural implements, sewing machines, portable mills, books,  pamphlets, papers,

12 1-2

meat, stoneware, or farm or garden products, nor merchants or their agents, for selling by sample. Section 4216, Ky. Stats., supra, is a re-enactment of section of same number in a previous edition if the Ky. Stats. It is contained in the chapter on revenue and taxation. Prior to 1906 that section was in the same language as present section 4216, except that following words "lightning rods" there was the clause "patent rights, or territory for the sale, use or manufacture of patent rights." In 1906 the law of the State relating to revenue and taxation was revised, and an entirely new act substituted for the old chapter on that subject. Section 4216 was re-enacted in the same language first above quoted, omitting the clause last quoted. In construing statutes, not only the language used must be looked to, but where the statute under consideration is a revision of a previous one on the subject. it is competent to examine the old as well to see what change, if any, the Legislature has made. Any material change between the two can not be passed over by the courts as insignificant. It must be presumed that the Legislature meant something by being at the pains to make the change, else it is most likely that they would have left the enactment alone as it was. So when an entire clause, relating to a particular one of a class of subjects has been omitted, it is a reasonable inference that the Legislature did not intend that the subject omitted should thereafter be embraced in the terms of the statute.

Under section 4216, Ky. Stats., as it existed prior to 1906, this court had construed that a note given as consideration for the use of a patent right in this State, not endorsed as required by section 4223, Ky. Stats., was void. (Bohon's Assignee v. Brown, 101 Ky., 354; Bugg v. Holt, 29 Ky. Law Rep., 1208, 97 S. W., 29; Rumbley v. Hall, 107 Ky., 349, 21 Rep., 1071, 54 S. W., 4.) It had also been held that section 4215 requiring the taking out of a license by venders of patent rights was unconstitutional. (Hays v. Commonwealth, 107 Ky., 655; Commonwealth v. Petty, 96 Ky., 452.) The statute subdivision 3, of article 12, chapter 108, Ky. Stats. (Revenue and Taxation), defining the duties and liabilities of peddlers, had a two-fold object; one to produce revenue from itinerant merchants and venders of merchandise; the other, the protection of the public against imposition and fraud by such. It is not certain that the Legislature would have enacted the statute as to either of its aspects without the other. So when this court had decided that

the revenue feature failed, because violative of the Federal Constitution, as to vendors of patent rights, but held good as to the protection of the public from the imposition by them by removing their notes from the class of negotiable instruments protected in the hands of innocent holders for value, the Legislature came again to consider the subject. It seems to have receded from its purpose of subjecting notes given in payment of patent rights to defense in the hands of any holder, although acquired in good faith, in usual course for value. It may also have considered that the greater benefit to the public lay in placing this class of commercial paper on the same footing as that enjoyed by all other commercial papers, except peddlers notes. If such was the legislative purpose, then the clause which we here find was adopted was just such as would likely effect it. Nor can we regard the phrase at the close of the section (which was also in the old section). "and anything not hereinafter specially exempt" as contravening the purpose to which we as cribe the change in the section. Section 4216 was defining who are to be deemed peddlers. Section 4215 required a license upon the business of peddling by "all persons who are by this article deemed peddlers." As we have seen, venders of patent rights were not included in the article as peddlers of whom a license was required, because to do so violated the Constitution of the United States. Nevertheless it has been held in Brown v. Bohon, supra, that vendors of such rights could be subjected, if named by the statute, to the burden of having their notes made non-negotiable—not because they were required to pay a license, but because it was in the nature of a police regulation. In the act of 1906 such persons were not required to pay a license, nor were they described in the section defining who were peddlers as falling within that class. The re-enacted section 4216, omitting the clause as to venders of patent rights was intended we think to conform to decisions of this court, so as to require only licensed peddlers to have their notes indorsed as required by section 4223.

Hence the phrase in section 4216, "and anything not hereinafter specially exempt," means anything to sell which a license is required by section 4215. This construction gives some meaning to the legislative action. The converse would be to hold that nothing was intended by it. That we ought not to assume.

The judgment is reversed and cause remanded, with directions to sustain the demurrer to the answer, and for proceedings not inconsistent herewith.