## Ex Parte Lawrence.

(Decided September 30, 1924.)

### Appeal from Fayette Circuit Court.

1. Statutes—Provision for Payment of Fines to Highway Fund Held Germane to Title of Act.—Provision in Ky. Stats., section 4345a-6, for payment of fines for hauling improper loads over highway to county or municipal highway fund is germane, within Constitution, section 51, to subject of title of act reading "an act. regulating the weight of load," etc.

2. Statutes—Validity of Provision which May be Eliminated Not Considered in Determining Validity of Other Provisions.—Provision in Kentucky Stats., section 4345a-6, concerning payment of commissions of officers, enforcing act, out of fines, even if invalid, need not be considered in determining validity of provision as to payment of fines to credit of county or municipal highway funds, since it may be eliminated and other part of act upheld.

3. Highways—Statute Requiring Payment of Fines to Credit of County or Municipal Highway Funds Held Not Repealed.—Ky. Stats., section 4345a-6, relating to hauling of heavy loads and payment of fines therefor to county or municipal highway fund, was not repealed by Acts 1920, c. 90.

4. Statutes—Effect of New Law on General Subject Intended to Embrace all Law Relating Thereto, as Repealing Prior Laws, Stated.—New law upon general subject, which is intended to embrace all law relating thereto, repeals all previous laws on that subject, unless contrary intention is apparent.

5. Statutes—Repeals by Implication Not Favored.—Repeals by implication are not favored, and statute will not be construed as repealing prior statute unless it is so clearly repugnant as to admit of no other reasonable construction.

SPENCE S. CARRICK for appellants.

FRANK E. DAUGHERTY, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

Opinion of the Court by Judge McCandless—Reversing.

The appellants, as justices of the peace of Fayette county, collected a number of fines for the violation of section 4345a-6, Kentucky Statutes. Being in doubt as to whether those funds should be paid to the Commonwealth of Kentucky or to the county of Fayette, they filed suit in the Fayette circuit court to determine that question, and pending a decision paid the funds into that court. It was there adjudged that the funds were due and payable to the Commonwealth of Kentucky, and they have appealed.

Section 4345a-6 reads:

"Any person violating any of the provisions of this act shall be guilty of a misdemeanor and shall be fined not less than fifteen dollars nor more than one hundred dollars. It shall be the duty of the courts and all peace officers to see that the provisions of this act are put in force and effect, and all fines, after payment of commissions to officers legally entitled thereto, shall go to the credit of the road fund in the county, or to the street fund in the city or village, dependent upon where the offense is committed.

"The failure of any peace officer, when properly informed, to do his duty as prescribed in this act, shall constitute a misdemeanor and he shall be fined not less than fifty dollars or more than one hundred dollars, and all such fines shall go to the credit of the county road fund in the county or the street fund in the city or village, dependent upon where the offense is committed."

It is claimed by the Commonwealth that this act violates section 51 of the Constitution in that it is not germane to the subject of the title. The title reads:

"An act regulating the weight of load that may be hauled over public streets, highways, bridges and culverts, and regulating the speed of automobile trucks and automobiles, and providing for penalties for violation." Acts 1918, c. 22.

The body of the act provides for the maximum loads that may be hauled on roads or streets, as to how permission may be secured for excess weight, for width of tires, for the maximum rate at which a motor may be driven and for penalties and their disposition.

The subject matter is the regulation of the public highways. Their enforcement requires penalties for their violation. Logically, a court may be named for such enforcement, and it is no departure for a provision to be made for the fines thus collected for the misuse of the road, to be paid to the locality in which the injury occurred. All or these matters are naturally connected with each other and relate to the same general subject, and are germane thereto; hence, the direction for the payment of the fines to the municipalities named does not conflict with the provisions of section 51 of the Constitution. Smith v. Commonwealth, 175 Ky. 286; South v. Fish, 181 Ky. 349; Lang v. Commonwealth, 190 Ky. 29; Stone v. City of Lexington, 192 Ky. 60; State Board of Charities v. Combs, 193 Ky. 548. It is unnecessary to consider the validity of the provision relating to peace officers; even if that should be held invalid it may be eliminated and the other part of the act upheld. Bosworth, Auditor v. State University, 166 Ky. 436.

It is next urged that the act of 1918 is repealed by chapter 90, of the Acts of 1920, approved March 23, 1920. This act was entitled:

"An act relating to vehicles; regulating their use and operation upon the public highways of this Commonwealth; providing for the registration and licensing of motor vehicles; fixing the amount of the license, and manner of payment thereof; providing for the registration and licensing of operators of motor vehicles and the amount of such license; providing a method of registration of motor vehicles; preventing illegal traffic in motor vehicles; providing penalty for the violation of this act and repealing any and all conflicting laws."

Section 22 of the act provides: "Any and all laws and parts of laws in conflict herewith are hereby repealed."

The act is quite comprehensive in dealing with the subject. and it is argued that it is intended to embrace all the law on the subject, and that both expressly and by implication the provision relating to the payment of fines in the former act is repealed. Considering this, the new act treats fully of the question of speed, classifies different vehicles, gives to each a maximum rate of speed and fixes a different penalty for a violation of the offenses denounced, from that provided in the act of 1918, but makes no reference to the width of tires or maximum

loads  or of payment of fines to the municipalities, nor does it contain any provisions covering those subjects. Consequently, it can not be said that any of the provisions of the new law conflict with the latter named provisions of the act of 1918.

It follows that they are not expressly repealed by section 22 of that act. It is true that a new law upon a general subject, which is intended to embrace all the law relating thereto, repeals all previous laws upon that subject, unless a contrary intention is apparent. Commonwealth v. Florence; 192 Ky. 236.

It is equally as clearly established that repeals by implication are not favored by the courts, and that a statute will not be construed as repealing a prior statute unless it is so clearly repugnant thereto as to admit of no other reasonable construction. City of Henderson v. Connell, 156 Ky. 730; Commonwealth v. Petri, 122 Ky. 26.

> "Nor are repeals by implication favored, as it must be presumed that if the legislature had intended that one statute should repeal another, it would have so expressed it as to leave no doubt of its purpose. Hence, when two statutes bearing on the same subject appear on their face to be so inconsistent with each other, the first duty of the court called upon to construe them is to harmonize them if possible so as to allow both to stand, or if that cannot be done without violence to some part of the language employed in one or both of the statutes, then the rule is to construe them so that both will stand so far as possible, and wherein any part of either is irreconcilable with any part of the other the latest stands, while the inconsistent part of the former is deemed to have been repealed." Commonwealth v. International Harvester Co., 131 Ky. 561.

It is manifest that the act of 1920 is not inconsistent with the provisions quoted from the act of 1918, and that the two may be harmonized without doing violence to either.

We may fairly assume that the legislature intended by the latter act to change the speed regulations and the amount of fines for their violation, but intended for the provisions of the former act to remain in effect as to the width of tires, the weight of load and the disposition of the funds collected by law.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.