### Bullion v. Commonwealth.

(Decided February 10, 1925.)

Appeal from Fulton Circuit Court.

1. Criminal Law—Contents of Warrant Not Provable by Parol, where Not Shown that it had been Lost or Destroyed.—Contents of warrant in prosecution for selling intoxicating liquors were not provable by parol, where it was not definitely shown in customary way that warrant had been lost or destroyed.

2. Intoxicating Liquors—Defendant Entitled to Know in Liquor Prosecution Exact Accusation Against Him.—Defendant was entitled to know, in prosecution for selling intoxicating liquors, exact accusation against him, and, if Commonwealth could not produce original warrant, it should have stayed proceedings until warrant was found or supplied.

3. Criminal Law—Lost Warrant May be Supplied.—When prosecution is by warrant and it is lost, it may be supplied.

D. L. McNEIL for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing

Appellant Bullion was tried and convicted in the Fulton quarterly court of the offense of selling intoxicating liquors, on a plea of not guilty. From that judgment he appealed to the Fulton circuit court. When the case came on for hearing in the court to which he had appealed, appellant "demurred to the proceedings," which was overruled by the court and defendant excepted. A jury trial resulted in a conviction, his punishment being fixed at a fine of $300.00 and by confinement in the county jail for a period of sixty days, on which judgment was entered, and it is from this judgment that he appeals. There was no indictment or warrant pending against appellant in the Fulton circuit court at the time of his trial there on the appeal. At least none was exhibited. The judgment of the Fulton quarterly court showing his conviction for the offense of selling intoxicating liquors was the only paper transcribed and on file in the circuit court. If there were a warrant in the quarterly court it was not shown by the transcript. The judgment in that court does not mention a warrant. However, by the evidence of the county judge it was shown that a warrant was issued, and further that it was probably mislaid; that he had not been able to find it with the perfunctory search made. It is not definitely shown, in the customary way, that the warrant had been lost or destroyed. Its contents were not, therefore, provable by parol evidence. Appellant was entitled to know the exact accusation against him and if the Commonwealth could not produce the original warrant it should have stayed the proceedings until it was found or supplied.

When a prosecution is by warrant and it is lost, it may be supplied. Commonwealth v. Robert Vanmeter, 8 Ky. Op. 754; Burdette v. Board of Council of City of Danville, 125 S. W. 275.

However, there is nothing in the evidence in this case to prove that the warrant is in fact lost.. There is evidence, we think, to prove it had been mislaid. It has probably been or will be found upon diligent search by the judge of the quarterly court, or the clerk of the circuit court, proper custodians. At all events appellant was entitled to be confronted with the warrant containing the charge upon which he was about to be tried before proceeding. His demurrer to the proceedings was well taken and should have been sustained by the trial court.

Judgment reversed for proceedings consistent herewith.