# Turner v. Commonwealth.

(Decided May 14, 1929.)

C. A. NOBLE for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Henry Turner, Sr., Henry Turner, Jr., Lige Turner, and Lewis Howard were indicted on a charge of banding themselves together and going forth armed for the purpose of intimidating, alarming, disturbing, and injuring Kent Cornett, Arthur McIntosh, and Mary Little. On his separate trial Henry Turner, Sr., was convicted and his punishment fixed at one year's imprisonment. He appeals.

According to the witnesses for the commonwealth the facts are these: Mary Little and her son-in-law, Kent Cornett, lived together. Her home is surrounded by a garden. On the afternoon preceding the trouble Arthur McIntosh came to Mary Little's home and later on milked a cow belonging to Cornett. Thereafter, as he was coming off the steps of the post office, Henry Turner, Sr., Henry Turner, Jr., Lige Turner, and Lewis Howard appeared in the garden near by and fired on him and into the house. One of the balls struck him in the foot. After the members of the Turner party had fired 12 or 15 shots towards the house, Arthur McIntosh and Kent Cornett opened fire on them, the former using a shotgun and the latter a pistol. Neither Cornett nor McIntosh, nor anyone else, caught hold of Nellie Turner, or attempted to assault her. On the other hand, the evidence for appellant, as given by him and the other members of his fam-

ily, was to the effect that they were at the home of appellant when they heard Nellie Turner, appellant's daughter, screaming for help. They then went to a point near where Kent Cornett lived, for the purpose of investigating the cause of the trouble, and protecting Nellie Turner. While there, and before they had fired any shots, some one began firing on them with a shotgun, whereupon they returned the fire in defense of themselves.

Though there is no evidence of any prior agreement on the part of the Turners, yet, if it be true, as stated by the witnesses for the commonwealth, that they all came to the premises together, and all began firing at McIntosh and into the house, such concert of action on their part was sufficient to make it a question for the jury whether they had banded themselves together for the purpose of intimidating, alarming, disturbing, or injuring the persons on the premises.

The chief ground urged for a reversal is that the court failed to give an instruction embodying appellant's theory of the case. In Gambrel v. Commonwealth, 80 S. W. 808, 26 Ky. Law Rep. 28, the defendant and his witnesses testified that, without any intention to intimidate prosecutrix or the other members of her family, he and those with him were attacked by prosecutrix's bulldog in the public road, while they were passing her house, and that, after having shot the dog to prevent his biting one of defendant's party, they were fired on by persons in prosecutrix's house and yard, which fire they returned, believing the same to be necessary to protect their lives. In holding that the trial court erred in failing to give the whole law of the case, the court said:

"In addition to the instruction given, the jury should have been further instructed by the court that if they believed from the evidence that appellant and his brothers, without any purpose to intimidate, alarm, or injure Mrs. Messer or others of her family, while passing her residence on the way to the home of Silas Gambrel, were attacked by the Messer bulldog in the public road, and they shot him to prevent his biting some of the party, and were then fired upon by persons in the Messer house or yard, which fire they returned, believing at the time, and having reasonable, or apparently reasonable grounds to believe, that it was necessary for them to

do so in order to protect their lives or persons from injury or apparent injury at the hands of such persons, then such shooting on the part of appellant or those with him did not authorize the conviction of appellant under the charge in the indictment, and the jury should so find.''

That case cannot be distinguished from this. It follows that a similar instruction embodying the defense relied on by appellant should have been given to the jury.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.