## Gay v. Commonwealth.

(Decided November 1, 1929.)

W. B. WHITE for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On December 4, 1927, a number of sheep owned by J. P. Young, a resident of Montgomery county, were killed by a dog. On the same day J. C. Tipton made an affidavit before the county judge that the sheep had been killed by a German police dog, the property of Henry Gay, and that the dog was then concealed by its owner at his home in Montgomery county. The county judge issued a warrant in which he directed the sheriff to take possession of the dog and to present him before the county judge for trial and to summon the owner to appear. The sheriff made the following return on the warrant:

"Executed by summoning Mr. and Mrs. Henry Gay to appear with the dog described within before E. W. Senff, county judge, at the courthouse in Mt. Sterling, Kentucky, at ten o'clock, a. m. December 5, 1927."

In obedience to this summons Mr. and Mrs. Gay produced the dog in court, and a trial was had before the county judge. A judgment was entered directing the sheriff of Montgomery county to kill the dog. It developed that Mrs. Henry Gay was the owner of the dog, and she took an appeal to the circuit court. In that court the appellee filed a motion to dismiss the appeal on the ground that the court was without jurisdiction. Mrs. Gay filed a demurrer to the proceedings, and moved the court to enter a judgment dismissing the case. The demurrer to the proceedings was overruled, and ap-

pellee's motion to dismiss the appeal was sustained, and from that judgment Mrs. Gay has appealed.

While the proceeding was pending in the circuit court, the appellant offered to file her affidavit in which she stated that the value of the dog was $500. The commonwealth has filed in this court a motion to dismiss the appeal on the ground that this court is without jurisdiction, and this motion has been passed to the merits.

The only ground relied upon by appellant for a reversal of the judgment which it is necessary to discuss is that the statute under which the proceeding was had before the county judge is no longer in force, and the proceeding was therefore unauthorized.

We will first dispose of appellee's motion to dismiss the appeal. It is well settled in this, as well as most other jurisdictions, that a dog is property subject to regulation under the police power of the state. Duff v. L. & N. Railroad Co., 219 Ky. 238, 292 S. W. 814, and cases therein cited. Mrs. Gay was not made a party to the proceeding before the county judge except in so far as she was summoned to appear at a stated time with the dog. Even had the proceedings been authorized by statute, she, being the owner of the dog, should have been served with notice and made a party thereto. The object of the proceeding was to procure the destruction of the dog which was the property of Mrs. Gay. She intervened and made herself a party, which she had the right to do, since she was the only party in interest so far as the property rights involved were concerned. While the case was pending in the circuit court, she offered to file her affidavit in which she averred that the value of the dog was $500. This was not controverted, and must be treated by this court as the amount in controversy. The motion of the commonwealth to dismiss the case must therefore be overruled.

The proceeding before the county judge was had under section 68a9 (Ky. Stats.) which reads as follows:

"A justice of the peace, on proof that any dog is mad, or has been bitten by a mad dog, or has killed or wounded any sheep, shall order such dog to be killed; and the officer who executes the order shall be paid one dollar by the owner of the dog and collected as costs. If any person shall conceal a dog so ordered to be killed, or prevent the execution of the order, he shall be fined $5.00 for every day he shall so offend. Any mad dog or dogs having the

disease known as the 'rabies' may be killed by any person.''

This section is a portion of an act adopted by the General Assembly in 1906 entitled ''An Act to promote the sheep industry and provide a tax on dogs.'' Acts of 1906, c. 10, p. 25. In 1918 the Legislature passed an act the title to which is as follows:

''An Act relating to dogs, the promotion of live stock industries, and the protection of live stock and poultry from damage by dogs; providing for the licensing of dogs; regulating the keeping of dogs, and authorizing their destruction in certain cases; providing for the protection of licensed dogs and for dogs temporarily imported for trial, show, and breeding purposes; prescribing certain privileges for hunting dogs, providing for listing of dogs by county assessors and penalty for his failure to so list; providing for the assessment of damages done by dogs, and payment thereof by the proper county to the owners of live stock and poultry, and of damages to licensed dogs; imposing powers and duties on certain State and county officers and providing penalties and fees.'' Acts of 1918, c. 112, p. 483. The act of 1918 is now section 68b1 et seq., Kentucky Statutes.

Section 34 of the act of 1918, now section 68b34 of the Kentucky Statutes, is as follows:

''This act is intended as a complete and uniform system throughout the commonwealth for the licensing of dogs and the protection of livestock and poultry from injury by dogs; but nothing in this act shall interfere with any law for the protection and preservation of game. Except where such act or part of acts are specifically repealed, this act does not repeal or affect any acts or parts of acts relating to mad dogs or dogs affected with any disease.''

It is apparent from a reading of the act of 1918, and particularly of section 34 thereof, that it was intended to be a complete and comprehensive act pertaining to the regulation of dogs and the protection of live stock from injury by dogs, and that all laws on this subject were repealed, except any law for the protection and preserva-

tion of game and "any acts or parts of acts relating to mad dogs or dogs affected with any disease."

Where a statute covers the whole subject-matter of an earlier act, and it is apparent that it was intended to be a substitute therefor, it operates as a repeal of the earlier act, although it contains no express words to that effect. Commonwealth v. Florence, 192 Ky. 236, 232 S. W. 369. The 1918 act deals comprehensively with the whole subject of the regulation of dogs, and that such was the purpose of the act is clearly set forth by the title. Furthermore, it is expressly provided by section 34 of the act that it is intended as a complete system for the licensing of dogs and the protection of live stock and poultry from injury by dogs, and it excepts from repeal only acts intended for the protection and preservation of game and acts or parts of acts relating to mad dogs or dogs affected with any disease.

The dog in this case comes within none of these exceptions. The act of 1918 contains no provision for determining whether or not a dog has killed or wounded any sheep, and, if so, authorizing a court to enter a judgment directing it to be killed. By section 68b25 (Ky. Stats.) a method is provided for determining the amount of damage to live stock or poultry caused by a dog, and who was the owner of the dog or dogs by which such damage was done, and the owner is made liable to the county in which the damages occur in a civil action for all damages and costs.

In Buchannon v. Commonwealth, 95 Ky. 334, 25 S. W. 265, 266, 15 Ky. Law Rep. 738, it was held that an act which included only part of a former law was "intended to be a complete system of statutory law relating to crimes and punishments, and, as a consequence, to supersede or repeal all existing statutes on that subject." The parts of the former law not so included were held to be repealed. The Legislature, in enacting an act "to promote and protect livestock industries in Kentucky," section 68b1 et seq., Kentucky Statutes, intended to enact a complete system for the licensing and regulation of dogs and the protection of live stock, and it necessarily follows that all former acts pertaining to dogs were repealed except such portions of such acts as were specifically excepted. The provision of section 68a9 (Ky. Stats.) authorizing a justice of the peace, on proof that any dog had killed or wounded any sheep, to order such dog to be

killed, was not among the exceptions, and was therefore repealed.

It follows that the proceedings before the county judge were unauthorized, and the circuit court erred in overruling appellant's demurrer to the proceedings. Bullion v. Commonwealth, 207 Ky. 254, 268 S. W. 1103. Whether or not the proceeding could have been had before the county judge if section 68a9, Kentucky Statutes, had been in force need not be determined.

For the reasons indicated, the judgment is reversed, with directions to sustain appellant's demurrer to the proceedings.