## Bell v. Talbott, Auditor of Public Accounts.

(Decided Feb. 9, 1934.)

WOODWARD, HAMILTON & HOBSON and OLDHAM CLARKE for appellant.

BAILEY P. WOOTTON, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

On June 19, 1932, the appellant, W. C. Bell, instituted this action in the Franklin circuit court against J. Dan Talbott, auditor of public accounts, claiming that the state of Kentucky was indebted to him in the sum of $1,000 for each of the years, 1928, 1929, 1930, and 1931, for services rendered by him to the state as chief inspector and examiner of schools, in connection with his office of superintendent of public instruction, and which additional amount of salary he claims he is entitled to recover under the provisions of chapter 24 of the Acts of 1916.

The auditor of public accounts, conceiving that this act, upon which the claim is based, had been repealed,

and that appellant was, therefore, not entitled to recover thereunder, filed demurrer to the petition, which was sustained by the court, and judgment entered dismissing the petition. From this judgment appellant appeals.

The facts as alleged in plaintiff's petition, and to be taken as admitted by the demurrer, are as follows: That the defendant is the duly elected, qualified, and acting auditor of public accounts of the state of Kentucky; that on the first Tuesday of November, 1927, the plaintiff, possessing the required qualifications for the office of superintendent of public instruction, was duly, at a regular election held on said day, elected thereto, and was thereupon duly commissioned as such; that on January 2, 1928, following, he entered upon the discharge of the duties of said office to which elected, and from said date until January 4, 1932, he was the duly qualified and acting superintendent of public instruction; that during this period he performed all the duties required of him as such officer and received therefor the salary of $4,000 per annum from the commonwealth of Kentucky; that the General Assembly of the commonwealth of Kentucky, at its 1916 session, enacted a statute, which the Governor duly approved (chapter 24, section 41, Acts of 1916), authorizing the state superintendent of public instruction to act as special state inspector and examiner of all schools of the commonwealth, for the purpose of inspecting the accounts of all officers handling school funds, and providing that the superintendent of public instruction should receive annually, for performing such duty as special inspector, the additional salary of $1,500, payable monthly out of the state school funds.

The appellant further pleads that on Monday, January 2, 1928, he accepted the office of state superintendent, to which elected, duly qualified as such, and entered upon the discharge of the duties thereof, and that from said date he was the acting state superintendent, and also acted as special state inspector and examiner of schools for the state of Kentucky, and faithfully performed the duties of said office, for which he was entitled to receive annually, his salary as superintendent and also, for such special services alleged rendered as special inspector and examiner of schools, the additional salary of $1,500, but that he had not received it or any amount therefor.

Section 26, chapter 24, Acts of 1916, provides that the salary of the superintendent of public instruction "shall be two thousand five hundred dollars per annum, besides which, he shall be entitled to all office fixtures, stationery, books, postage, fuel and lights needed to carry on the work of his office."

By section 41 of the said act, the superintendent was further authorized to act as special state inspector and examiner of all schools, and provided that he should receive annually, for performing such special duty "the salary of $1,500.00, payable monthly out of the State School Fund." That is to say, the superintendent was allowed annually, by sections 26 and 41 of said act, the total salary of $4,000 for services rendered by him in discharging the duties of the two positions he thus held thereunder.

The Legislature, at this same 1916 session, later passed another act, section 1, chapter 123, Acts of 1916, which is as follows:

"The Superintendent of Public Instruction shall receive a salary of two thousand five hundred dollars, and the additional amount he receives as Chief Inspector and Examiner of Schools, per annum; besides which he shall be entitled to all office fixtures, stationery, * * *."

Again did the Legislature, at its 1920 session, further treating and dealing with this same subject of its schools and the office of superintendent of public instruction, enact chapter 71 of the Acts of that session. This act is entitled:

"An Act repealing Section four thousand three hundred and eighty-five-a, and Chapter one hundred and twenty-three of the Acts of nineteen hundred and sixteen and re-enacting in lieu thereof an entire new chapter, relating to employees of the Superintendent of Public Instruction."

By section 2 of this act it is provided, in part, that: "The Superintendent of Public Instruction shall receive a salary of twenty-five hundred dollars and the additional amount he receives as chief inspector and examiner of schools, per annum."

It is to be noted that, by the provisions of this 1920 act, chapter 123 of the prior 1916 act is expressly re-

pealed, and re-enacted, and the salary of the superintendent of public instruction is made to continue at $2,500 (with the additional amount of $1,500, payable to him as chief inspector and examiner of schools); in other words, the superintendent continues to receive a total salary of $4,000, just as such salary was given him by the provisions of sections 26 and 41, chapter 24, of the prior 1916 Act.

Again did the Legislature, at its 1924 session, further enact chapter 58 of the Acts of that session, dealing with this same subject, and which is entitled, "An Act relating to the general administration and supervision of the common schools of the Commonwealth of Kentucky," and expressly repealing section 4385 and other recited sections of Carroll's 1918 edition of the Statutes and chapter 71 of the Acts of 1920, relating to the salary of superintendent of public instruction, as set out supra, and "enacting and re-enacting in lieu thereof the following sections and sub-sections relating to the election of the Superintendent of Public Instruction, his bond, his salary, his powers, duties," and so forth. This act of 1924, by its terms and provisions, evidences the intention and purpose of the Legislature to enact a complete, new law upon the subject of its common schools.

By section 4384 of the 1924 act, expressly repealing and re-enacting the prior acts, it is provided that:

"The salary of the Superintendent of Public Instruction shall, until the first Monday in January, 1928, be $4,000 per year; thereafter it shall be $4,000 per year, and paid in the same manner as now provided by law."

Appellant contends that section 4398a-1 of Carroll's Kentucky Statutes (section 41, chapter 24, Acts of 1916) has not been repealed by these later statutory enactments fixing the salary of superintendent of public instruction, and that he is here entitled thereunder to the salary of $1,500 per annum, for the extra or special services, which he contends he, while superintendent, also rendered as special state inspector and examiner from January, 1928, to January, 1932, subject to the constitutional limitation (section 246 of the Constitution) that the total yearly salary of any public official, except that of the Governor, shall not exceed $5,000, or to recover to the extent of $1,000 a year therefor.

It is to be noted that by chapter 24, Acts of 1916, the Legislature undertook and intended to enact and did thereby provide a comprehensive law dealing with the subject of Kentucky's common schools and with the office of superintendent of public instruction, providing, among other things, additional salary for added duties to the office, and for further incidental expenses and assistants.

As this act was passed during the term of office of the superintendent, the salary of which had prior thereto by law been fixed at $2,500, the General Assembly at its 1916 session enacted chapter 24, of the Acts of that session, by section 41 of which it imposed upon him the duty of also acting as chief inspector and examiner of schools, and for which special service it allowed him the additional annual salary of $1,500, thus together providing for the office of superintendent a total yearly salary of $4,000 as compensation for the performance of his regular duties as superintendent and the added special duties thereby imposed as special inspector and examiner of schools, and thus effected both an avoidance of the constitutional provision, prohibiting a change of salary during the term of office, and also by the addition of the "special service" increased the salary of the office.

Chapter 123, Acts of 1916, enacted at the same session as chapter 24, supra, providing that "the Superintendent of Public Instruction shall receive a salary of two thousand five hundred dollars, and the additional amount he receives as Chief Inspector and Examiner of Schools, per annum," merely reiterated, and in effect restated, the provisions of sections 26 and 41 of chapter 24, passed at this same session. Clearly this duplicate enactment of chapter 123, supra, in thus restating that these identical amounts should be paid the superintendent as salary for his serving both as that officer and also as special inspector, as they were enacted and allowed by the like provision of section 41, chapter 24, Acts of 1916, must be considered and treated, to such extent, merely as complementary or as a harmonious part thereof, and, as such, merge and stand together, in effect, as one enactment. Such, we deem, was the effect of the Legislature's duplicate enactment of chapter 123 of the Acts passed at the same 1916 session in which it enacted chapter 24 as its comprehensive

school law, providing for the payment to the superintendent of public instruction of a salary of $2,500 as such, and also for an additional yearly salary of $1,500 to be paid him for extra service rendered as chief inspector and examiner. The two acts, being thus similar in both subject and object, should be considered together as harmonious provisions "in pari materia" of one law, enacted at the same session by the same Legislature and covering the same salary therefor. We conclude, therefore, that the two acts together constitute, and are to be construed, as standing together as like and harmonious parts of one law. Statutes thus enacted at the same session of the Legislature are within, the reason of the rule governing the construction of statutes in pari materia. Each is supposed to speak the mind of the same Legislature, and the presumption is that different acts passed at the same session of the Legislature are imbued with the same spirit and actuated by the same policy. Section 268, page 513, Sutherland on Statutory Construction (2d Ed.). From this it would logically follow that the Legislature by its later Acts of 1920 (chapter 71, Acts of 1920), the title of which recites that chapter 123, Acts of 1916, is repealed and that there is re-enacted, in lieu thereof, chapter 71 of the Acts of that session, meant that such new enactment thus expressly declared to repeal and re-enact chapter 123, Acts of 1916, would likewise repeal and re-enact section 41, chapter 24, Acts of 1916, with which it stood as one law or as a duplicate part thereof, covering the same subject in the same way. Therefore, it would reasonably follow that said chapter 71, Acts of 1920, in providing that "the Superintendent of Public Instruction shall receive a salary of $2,500 and the additional amount he receives as Chief Inspector and Examiner of schools per annum" constitutes but a revision and re-enactment of both of the aforesaid quoted sections and chapters of the Acts of 1916, which alike so provide.

However, the Legislature, at its later 1924 session, enacted chapter 58 of the Acts of that session, by the extensive provisions of which it again undertook to enact a complete and comprehensive new law covering the matter and subject of Kentucky's common school system and the office and duties of its state superintendent. This Act (chapter 58, Acts of 1924), by its title, expressly repealed many therein named sections of the prior school law, as given in Carroll's 1918 Edi-

tion of Kentucky Statutes, and also expressly repealed the aforesaid chapter 71 of the Acts of 1920, relating to the salary of superintendent of public instruction, etc., and enacted and re-enacted in lieu thereof the therein named sections and subsections relating to the election of the superintendent of public instruction, his bond, his salary, his powers, his duties, etc., connected with his office and reorganized the state department of education.

Section 4384 of this chapter 58 of the 1924 Acts provides that the superintendent shall give a bond for as much as $25,000 for the faithful performance of his duties, and that "the salary of the Superintendent of Public Instruction shall, until the first Monday in January, 1928, be $4,000 per year; thereafter it shall be $4,000 per year, and paid in the same manner as now provided by law."

Further, by section 4387 of the act, it is provided that the superintendent of public instruction "shall receive and examine all reports required by law or the State Board of Education, and in person, or through his assistants, shall examine the expenditures, business methods, and accounts of * * * all institutions under the direct control of the State Department of Education, and advise on the same."

This act, by its provisions, imposes upon the superintendent the performance of all the official duties previously performed by him as superintendent, and also the additional, special duties of inspector and examiner of schools, which, it appears, are brought within and made a part of the comprehensive duties of the one office of superintendent of public instruction.

The intent and purpose of the act's quoted salary provision was clearly to make the salary payable to the superintendent of public instruction of $4,000 one payable for the extended duties of that office alone, rather than continue it in such amount as paid for the two offices of superintendent and inspector and examiner of schools, as provided by the prior acts, and to such end were the duties of the office of superintendent declared by this act to embrace and include all the duties previously performed by the superintendent both as superintendent and special inspector and examiner.

Such being our construction of the act, its effect

was clearly to repeal section 41, chapter 24, Acts of 1916, providing for the payment of an additional salary of $1,500 to the superintendent for his services in acting as special inspector and examiner of schools as thereby provided for.

The well-settled rule of statutory construction is that, where a new law covers the whole subject of an old one, its effect is to repeal the prior law, as the act of the Legislature is presumed to be passed by it deliberately and with knowledge of the then existing laws. This rule as to statutory construction in such case is thus declared in 59 C. J., sec. 520, page 919:

> "Where a later act covers the whole subject of earlier acts, embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes relating to such subject matter."

To like effect is the rule so stated by this court in Gay v. Commonwealth, 231 Ky. 396, 21 S. W. (2d) 480, 482:

> "Where a statute covers the whole subject-matter of an earlier act, and it is apparent that it was intended to be a substitute therefor, it operates as a repeal of the earlier act, although it contains no express words to that effect."

See, also, Commonwealth v. Florence, 192 Ky. 236, 232 S. W. 369; Ex parte Lawrence, 204 Ky. 568, 265 S. W. 287; National Bank of the Republic v. Current et al., 142 Ky. 353, 134 S. W. 479; Louisville & N. R. Co. et al. v. Owens, 164 Ky. 557, 175 S. W. 1039; Buchannon v. Commonwealth, 95 Ky. 334, 25 S. W. 265, 15 Ky. Law Rep. 738.

In view of the rule as announced in the quoted text and cited cases and its application to the facts of the instant case, we are constrained to conclude that appellant's claim here made, that he is entitled to recover of the state $4,000 for his alleged performance of the duties of special inspector and examiner of schools, as provided for under the Acts of 1916, is not to be sustained.

It is here admitted that appellant was elected to the

office of state superintendent of public instruction, performed the duties of that office from January, 1928, to January, 1932, and was paid annually during such period the salary of $4,000, as provided therefor by the Acts of 1924; that said acts, so fixing the salary at $4,000 for the performance of all the enlarged duties of that office, had been in effect since its enactment in 1924, and that appellant had been paid thereunder, and that the $4,000 salary of the office was considered by the appellant as so fixed and controlled by the provisions of the 1924 acts.

Further, the Legislature is not presumed to have fixed the salary of this office at $4,000 and at the same time have intended to leave in effect the earlier 1916 act, providing for the payment to the superintendent of an additional $1,500, which, if paid, would result in making the total salary of superintendent exceed the amount allowed by section 246 of the Constitution.

We therefore conclude, for the reasons hereinabove indicated, that the trial court properly sustained the demurrer to plaintiff's petition and dismissed it, and that its judgment in so doing should be, and it is affirmed.