## Gilbert et al. v. Commonwealth.

Sept. 27, 1940.

Charles L. Seale, Judge.

Thomas D. Shumate for appellants.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

Opinion of the Court by Morris, Commissioner— Reversing.

Appellants, father and son, jointly indicted with Harvey Gilbert and Earl Richardson for confederating for the purpose of injuring another, Kentucky Statutes, Section 1241a-1, were convicted upon their separate trial and sentenced to imprisonment for one year in the reformatory.

They are here insisting that the judgment of the lower court should be reversed because (1) the court erroneously overruled their joint motion for a directed acquittal verdict; (2) failed to give proper instructions, and (3) because the jury returned its verdict at a time when the accused were not present.

As will appear later, it is hardly necessary for us to discuss point (3), since it may be assumed that the irregularity complained of will not, or at least should not, occur on another trial. However, under the facts shown by the record, and because objection was waived, we conclude that there was no error. Moore v. Com., 266 Ky. 514, 99 S. W. (2d) 715.

Joe Roach, the prosecuting witness, a man about 68 years of age, lived in the Barnes' Mountain section of the county, near the highway. Appellants and the two indicted with them lived in the vicinity. In the early part of October, 1939, between 10 and 11 o'clock at night, the four accused came along by Roach's home, talking loudly. There were two groups, and appellants were nearer to the house than the others. Some one or more, in one group or the other, began to throw stones on Roach's home, and from his testimony, quite a number of large size struck the house.

The throwing ceased for a time, as Roach says, while some of the four went for more rocks and renewed the assault, whereupon Roach appeared with a single-barrel shot gun and fired one shot toward two of the party who were in one group. It developed later

that the charge slightly wounded Gilbert, Sr. The party then withdrew but returned later, indicating by words and actions that they were intending to steal some chickens which Roach had under his house.

Witness was positive that he knew all four members of the attacking party; he was familiar with their voices, and was certain that all four were in the crowd. His testimony indicates that there was some ill feeling toward him on the part of one of the Gilberts, because on the day previous to the attack he had ordered Gilbert, Jr., and Richardson from the front of his house. On this occasion the two had precipitated a difficulty with a smaller boy, who ran into Roach's shop asking protection, whereupon Roach went to the door and, upbraiding the attackers, ordered them away. Gilbert, Jr., said to Roach: "Joe you are taking up for this boy, and by G—— I'll get even with you for it."

There was testimony to the effect that the members of the assaulting party were seen together on the night in question, both before and after the alleged assault. On the other hand, the two appellants say that while they did pass Roach's house that night, they did so in a quiet, peaceful manner, and threw no stone or did any of the things charged by Roach. They also state, as do Harvey Gilbert and Richardson, that the two latter named were not with them at any time during the night of the alleged attack, and Harvey and Richardson deny that they threw any rocks at Roach's house.

It is unnecessary for us to go into further or closer details of the evidence, but at this point we may say that it is our opinion, due to the positive statements of Roach, that the evidence was sufficient to justify the court in submitting the question of guilt or innocence of the accused.

The evidence was extremely conflicting, but there being enough to take the case to the jury, that body was charged with the duty of determining the truth as viewed from the evidence; the jury is to judge the weight of the evidence.

We have, as have the trial courts, recognized the fact that when two or more persons are charged with an act of conspiracy, they very rarely conspire or carry into effect their plans in such way as to apprise any appreciable number of the public of such plans or pur-

poses. It necessarily follows that the testimony is allowed to take a wide range, and it is permissible to allow proof of declarations, actions and circumstances, tending to show the formation of the plans, or its consummation. Direct, positive proof is rarely procurable. Turner v. Commonwealth, 229 Ky. 493, 17 S. W. (2d) 402.

There is no merit in the contention that the court erred in failing to instruct on the right of appellants to throw rocks at Roach, or at his house, in their necessary self-defense. Their defense was that they were passing the house quietly, and at no time threw rocks or made any movement toward Roach. After Roach fired the gun, they left the scene hurriedly and offered no manner of resistance.

Under the facts, as detailed, the appellants were not entitled to a defense instruction. The court did commit reversible error in the giving of the following instruction:

"If the jury believe from the evidence, beyond a reasonable doubt, that * * * the defendants Richard Gilbert, Sr., and Richard Gilbert, Jr., Earl Richardson, and Harvey Gilbert, did unlawfully, willfully and feloniously, confederate and band together for the purpose of intimidating, alarming or injuring Joe Roach, by throwing stones at the said Joe Roach, and at his residence, wherein the said Roach was at the time, you will find the defendants Richard Gilbert, Sr., and Richard Gilbert, Jr., they being the only defendants on trial, guilty, and fix their punishment by confinement * * * for not less than six months—nor more than one year.

"If the jury have a reasonable doubt of the defendants being proven guilty, you will (find) them not guilty."

The court apparently confused the penalties as fixed respectively in Sections 1223 and 1241a-1, Kentucky Statutes. A comparison of the two sections, in light of the indictment here, will demonstrate that the indictment was drawn under the latter section and not under Section 1223. Buchannon v. Commonwealth, 95 Ky. 334, 25 S. W. 265, 15 Ky. Law Rep. 738.

However, we are of the opinion that the instruction

complained of did not correctly present the applicable law. The error lay in the fact that the jury, considering the evidence, might have concluded, and reasonably so, that one or the other of the defendants on trial had been guilty of undertaking the plan of confederation, or in carrying out a formed plan, and the one or the other innocent. The jury, however, were instructed to find both guilty or innocent, although one or the other might have taken no part. It could well be gathered from the evidence that Richard, Jr., and another who had grounds, might have agreed to, and did, assault Roach.

Such an instruction as was given was criticized in Shoemaker v. Commonwealth, 218 Ky. 721, 292 S. W. 307, and in Hensley v. Com., 253 Ky. 171, 69 S. W. (2d) 17, wherein it appeared that two defendants were jointly tried on a similar charge, we holding that it was error to give an instruction which in effect required the jury to convict or acquit both defendants.

This error may be cured on another trial by an instruction which will give the right to the jury to find one or the other of the defendants guilty, upon a belief that one or the other has been proven guilty beyond a reasonable doubt, and that if there be doubt as to the proven guilt of the one or the other, the doubt should be accorded to the one not proven to have been guilty.

The judgment is reversed solely on the ground indicated, with directions to afford the appellants a new trial consistent with what we have said above.